PEOPLE *v.* RICHARD COLEMAN, JR.

1. CRIMINAL LAW—PLEA OF GUILTY—PRIOR DEFECTS—WAIVER.
    A guilty-pleading defendant waives any defects in the prior proceedings, including defects which may have occurred at the arraignment before the examining magistrate.

2. CRIMINAL LAW—PLEA OF GUILTY—COERCED CONFESSION—EFFECT.
    A plea of guilty is voluntary if it is knowingly and understandably made with the benefit of counsel, irrespective of the existence of an illegally obtained confession.

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 August 25, 1970, at Grand Rapids. (Docket No. 8517.) Decided March 30, 1971. Leave to appeal denied, 386 Mich 769.

Richard Coleman, Jr., was convicted of uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Paul M. Ladas,* Prosecuting Attorney, for the people.

*Thomas J. O'Toole,* for defendant on appeal.

Before: T. M. BURNS, P. J., and R. B. BURNS and FITZGERALD, JJ.

PER CURIAM. Defendant appeals a plea-based conviction of uttering and publishing. MCLA § 750.249 (Stat Ann § 28.446).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 495.

Certain procedural errors are alleged to have occurred prior to the acceptance of defendant's plea on October 7, 1968. These allegations of error are without merit and do not provide grounds for reversal. Where a defendant enters a plea of guilty to a charge against him, he waives any defects in the prior proceedings, including any defects which may have occurred at the arraignment before the examining magistrate. *People* v. *Tate* (1946) 315 Mich 76; *People* v. *Quicksall* (1948), 322 Mich 351; *People* v. *Gant* (1966), 4 Mich App 671, 674.

Defendant's final issue is framed in the following question:

May a guilty plea by an accused, represented by counsel, stand as against an after-made allegation that the plea was directly induced by the existence of an illegally-obtained confession in the possession of the police at the time the plea was made?

Controlling precedent and rule has been established in *People* v. *Temple* (1970), 23 Mich App 651, followed in *People* v. *Irwin* (1970), 24 Mich App 582. In the *Temple* case we held:

"The plea is voluntary if it is knowingly and understandably made with the benefit of counsel, irrespective of the existence of the illegally obtained confession."

The instant record indicates that the trial judge examined the defendant in painstaking detail as to the reason for his plea, explained to him in precise terms all of his pre-plea alternatives, and pointed out fully and fairly the consequences of the plea; and that the defendant was represented by counsel with whom he conferred. We are convinced that the plea was voluntary and that there was no miscarriage of justice. *People* v. *Dunn* (1968), 380 Mich 693.

Affirmed.