PEOPLE v BOWERS

INFANTS—JUVENILE COURTS—PROBATE COURTS—JURISDICTION—
WAIVER—COURT RULES.

A probate court hearing for waiver of jurisdiction of a juvenile to a circuit court for criminal proceedings was not adequately in compliance with the court rule where the only criterion covered by the testimony was the defendant's prior criminal record; the court rule governing waiver hearings requires consideration of a variety of criteria to determine whether the interest of the child and the public would best be served by granting a waiver of jurisdiction (JCR 1969, 11.1[B]).

Appeal from St. Joseph, Robert E. A. Boyle, J. Submitted Division 3 June 4, 1974, at Grand Rapids. (Docket No. 14112.) Decided August 12, 1974.

Steven N. Bowers, a juvenile, was charged with breaking and entering and the probate court waived jurisdiction to the circuit court. From denial of a motion to remand to the probate court, defendant appeals by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James Noecker,* Prosecuting Attorney, for the people.

*Bucknell, Gergely & Foley,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

---

REFERENCE FOR POINTS IN HEADNOTE

47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 19.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. L. Smith, J. Defendant appeals by leave granted from a denial of his motion to remand to probate court for the purpose of reviewing an order waiving jurisdiction of defendant to circuit court. Defendant was born on March 18, 1956. It is alleged that on or about November 12, 1971, the defendant broke and entered an occupied home for the purpose of committing a larceny therein. On November 26, 1971, he was taken into custody on an order of the probate court of St. Joseph county.

A hearing was held on a petition to waive jurisdiction of the juvenile court to circuit court on November 30, 1971. The prosecutor presented a total of five witnesses during this hearing, with the first four dealing only with the issue of probable cause. The fifth witness, a juvenile probation officer of St. Joseph county, testified that on August 28, 1968, when the defendant was 12 years old, he was placed on probation for one year following his plea of guilty to a charge of malicious destruction of property and that on July 29, 1970, when he was 14 years of age, defendant was again placed on one year's probation when he pleaded guilty to a charge of larceny of a gas lantern from a garage. His testimony disclosed that the malicious destruction of property charge resulted from the opening of the controls of a soft drink machine allowing some $45 worth of mix and carbonated water to flow onto the floor of a mobile trailer. This was the extent of the hearing. The probate court made the following findings of fact.

"*The Court:* These waiver hearings consist of two phases. The first phase is to determine whether there is probable cause to believe the child has committed an offense, and the offense committed by the law would be a felony. There appears to be sufficient evidence, here, for the court to determine that there is probable cause

to believe that an offense has been committed by this child, which committed by an adult would be a felony.

"The second phase of this waiver hearing is the more difficult one. That has to do with the criteria for waiver and demand. The file shows that this child has a prior record. The seriousness of the offense is another consideration and even though it be less serious, the offenses would lead to a determination that the child may be beyond rehabilitation under the regular juvenile procedures. There is further consideration that there is a lack of suitable programs and facilities available to the juvenile, legally statewide as far as that goes, and the final consideration is in the best interest of the public welfare and protection of the public security that said juvenile be required to stand trial.

"In light of all the evidence and the length of this hearing this afternoon, particularly the evidence as shown by the 13 exhibits that have been received in evidence, and the identification of this juvenile, I feel I have no alternative, in absence of any other program to turn to, but to waive this juvenile to stand trial in the circuit court as an adult."

The Juvenile Court Rules of 1969, Rule 11.1, provide the following:

".1 *Hearing; Quantum of Proof; Criteria for Waiver.* Where a petition is filed requesting a waiver of jurisdiction under the provisions of Section 4 of Act 54 of the extra session of 1944, as amended, the hearing shall consist of two phases. Duration of an interval of time, if any, shall be discretionary with the court:

"(A) *Phase 1: Showing of Probable Cause:* The court shall first determine if there is probable cause to believe that the child has committed an offense which, if committed by an adult, would be a felony.

"(B) *Phase 2: Criteria for Waiver:* Upon a showing of probable cause, the court shall proceed to conduct a full investigation to determine whether or not the interests of the child and the public would best be served by granting a waiver of jurisdiction to the criminal court.

"In making such determination, the following criteria shall be considered:

(1) the prior record and character of the child, his physical and mental maturity, and his pattern of living;

(2) the seriousness of the offense;

(3) even though less serious, if the offense is part of a repetitive pattern of offenses which would lead to a determination that the child may be beyond rehabilitation under the regular statutory juvenile procedures;

(4) the relative suitability of programs and facilities available to the juvenile and criminal courts for the child;

(5) where it is found to be in the best interests of the public welfare and for the protection of the public security, generally, that said juvenile be required to stand trial as an adult offender."

In respect to phase 1 of the hearing the defendant alleges no error concerning the finding of probable cause. The defendant questions the adequacy of the court's compliance with JCR 1969, 11.1(B) in waiving jurisdiction.

A review of the record as it pertains to phase 2 of the hearing under Rule 11.1 reveals that the only criterion covered by the testimony was the defendant's prior criminal record. The record is completely barren of any testimony considering the character of the child, his physical and mental maturity, and his pattern of living. The record is also silent as to the seriousness of the offense except to the facts concerning the offense itself. No one can deny that breaking and entering an occupied dwelling with intent to commit larceny is a serious offense, but extenuating circumstances may exist which bear upon the relative seriousness of the offense as committed by this child. The court makes no reference to the presence or absence of extenuating circumstances in its findings. There was no testimony relative to the possibility

of a pattern of offenses involving defendant and a finding from that pattern that he might be beyond rehabilitation under the available juvenile procedures. The only reference to this criterion was the mention of two 1-year probationary dispositions. There was no testimony as to the relative suitability of programs and facilities available to the juvenile and criminal courts for the child.

In summation it appears that there was not a full investigation to determine whether or not the interest of the child and the public would best be served by granting a waiver of jurisdiction to the criminal court as Rule 11.1(B) requires. The silent record affords no basis for review by the circuit court or this Court. *People v Rubin Williams,* 50 Mich App 270; 213 NW2d 307 (1973), and *People v White,* 51 Mich App 1; 214 NW2d 326 (1973), are not in point because the opinions disclose that a complete record was made on the waiver hearings. We hold that this defendant was denied the full investigation he was legally entitled to in the waiver of jurisdiction hearing and that the case should be remanded to the probate court for St. Joseph county for hearing as mandated by JCR 1969, 11.1(B).

Reversed and remanded for further proceedings consistent with this opinion.

All concurred.