PEOPLE v MORRIS

1. INFANTS—CRIMINAL LAW—STATUTES—JUVENILE OFFENDERS—JUVENILE COURT RULES—DUE PROCESS—CONSTRUCTION.

Statutes dealing with the due process rights of juvenile offenders under the juvenile Court Rules must be afforded reasonable construction in light of the totality of the circumstances; and those rules with regard to taking a juvenile into custody and before a court have been substantially complied with where, during hours when the court was not open, after a brief stop at a police station to fill out forms where defendant was not placed in a cell, the arresting officer took the juvenile suspect to a youth home where he was given *Miranda* warnings and signed a confession in the presence of one of his parents within two hours of his initial arrest (MCLA 764.27; JCR 1969 2, 3).

2. INFANTS—CRIMINAL LAW—PLEA OF GUILTY—CONFESSION—WAIVER.

A plea of guilty by a 17-year-old defendant constitutes a waiver of the inadmissibility of any confession illegally obtained.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 November 14, 1974, at Detroit. (Docket No. 19421.) Decided January 9, 1975. Leave to appeal applied for.

Anthony Morris was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Infants § 31.

[2] 29 Am Jur 2d, Evidence § 574.

Voluntariness and admissibility of minor's confession. 87 ALR2d 624.

Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

BASHARA, P. J. Defendant appeals a plea-based conviction of manslaughter. MCLA 750.321; MSA 28.553.

Defendant was arrested at his home between 6 p.m. and 6:30 p.m. on December 29, 1972, in connection with the death by stabbing and strangulation of a 59-year-old woman in her home. He was 16 years of age at that time. The police officer making the arrest indicated that he advised the defendant not to make any statement at that time.

Defendant was taken to the First Precinct Station of the Detroit Police Department for the purpose of preparing admission papers to the youth home. He was not placed in a jail cell at the station, but remained in the custody of the police officer. After the papers were prepared, defendant was forthwith transported to the youth home.

While at the youth home, defendant made a full confession to the crime in the presence of three or four police officers, a youth home employee, and defendant's mother. A document containing the *Miranda* warnings and defendant's understanding thereof was signed by both defendant and his mother. It was established by the juvenile court that defendant's statement at the youth home was taken between 8:15 p.m. and 9:10 p.m. Thus, the elapsed time from defendant's apprehension in his

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

home to his signing of the statement at the youth home was approximately two hours.

A waiver hearing was held in juvenile court to determine whether the juvenile court should waive jurisdiction to the Detroit Recorder's Court. Jurisdiction was so waived and a complaint was issued charging the defendant with first degree murder, MCLA 750.316; MSA 28.548, and murder in the second degree, MCLA 750.317; MSA 28.549.

Defendant contends that the required showing of probable cause necessary to waive the juvenile court's jurisdiction[1] was lacking, since he was not taken to the juvenile court immediately upon arrest as provided by MCLA 764.27; MSA 28.886.[2]

We reject this contention. First, the statutes in question must be afforded a reasonable construction. *In re Petition of State Highway Commission,* 383 Mich 709; 178 NW2d 923 (1970). The basic consideration in determining whether the statute has been complied with and the admissibility of the confession is the totality of the circumstances. *People v Roberts,* 3 Mich App 605; 143 NW2d 182 (1966). In *Roberts,*[3] where it was found that the

[1] MCLA 712A.4(3); MSA 27.3178(598.4[3]):

"Before the court waives jurisdiction, it shall determine if there is probable cause to believe that the child committed an offense which if committed by an adult would be a felony."

[2] "Whenever any child under the age of 17 years is arrested with or without a warrant, such child shall be taken immediately before the juvenile division of the probate court of the county wherein the offense is alleged to have been committed and the officer making the arrest shall immediately make and file or cause to be made and filed, a petition against such child as provided by chapter 12A of Act No. 288 of the Public Acts of 1939, as amended, being sections 172A.1 to 712A.28 of the Compiled Laws of 1948 and the court shall proceed to hear and determine the matter in like manner as provided by said act, as amended. * * * "

[3] The Court in *People v Fields,* 391 Mich 206; 216 NW2d 51 (1974) in addressing the constitutionality of MCLA 764.27; MSA 28.886, not only was cognizant that the juvenile comes within the purview of procedural due process guarantees (at page 214), but noted the history and intent underlying the statutory requirement of finding probable cause before jurisdiction is waived (at p 214–215).

defendant was denied due process, the court in considering whether due process had been satisfied asked:

" * * * was an opportunity given him before his confessions to have a lawyer present, or a parent present?" *People v Roberts, supra,* at 613, citing *Gallegos v Colorado,* 370 US 49 (82 S Ct 1209; 8 L Ed 2d 325) (1962).

In the instant case defendant's mother was present with him when he confessed.

Second, it appears, from an examination of this record, that the rules laid down by Michigan Juvenile Court Rules of 1969, JCR 2 and JCR 3 (particularly 3.3[b]) and JCR 11 (as amended) were complied with.

Third, we do not believe that the "immediacy" provision of MCLA 764.27; MSA 28.886 has been violated. The only interruption in defendant's transfer from his home to the youth home was a stop at the First Precinct Station. There, officers filled out admission and transfer forms for the juvenile court. Defendant was not placed in a cell during the short time he was at the station. While the time from arrest to the making of a statement was approximately two hours, we must presume that his *actual entry* to the youth home occurred in less time.

We are in agreement with defendant's contention that the only legally admissible evidence can be adduced at a waiver hearing, however, we find that defendant's confession was admissible. *People v Roberts, supra.* In the case at bar, defendant not only desired to confess after he was given his *Miranda* warnings, but did so in the presence of his mother.

Finally, defendant was 17 years old when he

pled guilty to the reduced charge of manslaughter. Assuming, for purpose of this argument only, that the confession was illegally obtained and therefore inadmissible, defendant's guilty plea constitutes a waiver of the infirmity. *People v Coleman,* 32 Mich App 207; 188 NW2d 250 (1971); *People v Hart,* 26 Mich App 370; 182 NW2d 630 (1970).

Affirmed.

All concurred.