PEOPLE v MAHONE

1. APPEAL AND ERROR—INFANTS—CRIMINAL LAW—PROBATE COURT—
   WAIVER OF JURISDICTION—APPEAL FROM WAIVER—STATUTES—
   COURT RULES.

   A juvenile over whom a probate court has waived jurisdiction in
   order that he be tried as an adult must first seek review of the
   waiver in the circuit court before the Court of Appeals will
   consider the question (MCLA 701.45a, 712A.22; MSA
   27.3178[45.1], 27.3178[598.22] GCR 1963, 801.3, 806.1, 806.2).

2. APPEAL AND ERROR—COURTS—CIRCUIT COURTS—COURT OF APPEALS
   —PROBATE COURT—JUVENILES—WAIVER OF JURISDICTION—RE-
   VIEW OF WAIVER.

   Review by the circuit court of a probate court's waiver of jurisdic-
   tion over a juvenile offender serves three functions: (1) the
   circuit court is presumably more familiar with the available
   regional facilities for rehabilitation of juveniles; (2) such review
   bears the potential that an erroneous decision will be more
   speedily considered and reversed; and (3) such review provides
   the Court of Appeals with an independent analysis of the
   probate court's reasons for waiver.

3. INFANTS—PROBATE COURT—WAIVER OF JURISDICTION—INSUFFICIENT
   FINDINGS—STATUTES—COURT RULES.

   The statute and court rule governing waiver of jurisdiction over a
   juvenile require a probate court to set forth its findings forming
   the basis for an order of waiver with sufficient specificity to
   permit meaningful appellate review; a waiver decision couched
   in conclusory language, parroting the wording of the court rule
   and statute and shedding little light on the factors prompting
   waiver, is insufficient and should be remanded to the probate
   court for supplementation of its findings (MCLA 701.45a[2],
   712A.4[7]; MSA 27.3178[45.1][2], 27.3178[598.4][7]; JCR 1969,
   11.6).

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
   Children § 16 *et seq.*

Appeal from Oakland, William J. Beer, J. Submitted February 1, 1977, at Lansing. (Docket No. 27939.) Decided May 3, 1977.

Douglas Mahone was convicted, on his plea of guilty, of assault with intent to steal while armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Appellate Counsel, for the people.

*Keller & Avadenka, P. C.,* for defendant on appeal.

Before: D. C. RILEY, P. J., and BEASLEY and T. M. BURNS, JJ.

D. C. RILEY, J. On August 27, 1976, the Probate Court of Oakland County, acting on the petition of the prosecutor, held a hearing, pursuant to statute and court rule, MCLA 712A.4; MSA 27.3178(598.4), JCR 1969, 11, to determine whether jurisdiction over defendant, then 16 years old, would be waived to the circuit court for trial on two armed robbery charges. Two days after the hearing, the probate court issued an order of waiver listing the criteria he considered:

"[I]t appear[s] to the Court upon investigation and examination into the facts and from the proofs thereon, that there is probable cause to believe said Douglas Ray Mahone has committed the offense charged, and that the interest of said Douglas Ray Mahone and the public will best be served by granting such waiver, based on the following considerations:

"1. The prior record and character of said Douglas

Ray Mahone, his physical and mental maturity, his immature social and emotional development, his lack of guilt feelings, his manipulative actions and his lack of consideration for other people and his pattern of living;

"2. The seriousness of the offense;

"3. That the offense with which he is now charge[d] is part of a pattern indicating to this Court that said Douglas Ray Mahone is beyond rehabilitation under regular juvenile procedures;

"4. The relative suitability of programs and facilities available to the Juvenile and Crim[in]al Courts for said Douglas Ray Mahone;

"5. The best interest of public welfare and protection of the public."

At his arraignment in circuit court, defendant pled guilty to a reduced count of assault with intent to steal while armed, MCLA 750.89; MSA 28.284, in exchange for the dismissal of the principal charges. Defendant did not, however, question the propriety of waiver.

He now appeals, assigning no error with regard to the plea-taking but alleging the invalidity of the waiver. In response, the prosecutor contends that the issue is not properly before this Court since defendant failed to follow the procedure governing appeals from orders of the probate or juvenile courts. See GCR 1963, 801.3, 806.1, 806.2, MCLA 712A.22; MSA 27.3178(598.22) and MCLA 701.45a; MSA 27.3178(45.1).

The relevant statute, MCLA 712A.22; MSA 27.3178(598.22), provides in part:

"SEC. 22. Appeal may be taken to the circuit court by the prosecuting attorney or any person aggrieved by any order of the juvenile division of the probate court, in the same manner as from other orders or judgments of the probate court as provided by section 45a of chapter 1."

Chapter 1, § 45a [MCLA 701.45a; MSA 27.3178(45.1)], in turn provides:

"SEC. 45a. (1) In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, or judgment of a judge of the probate court may appeal therefrom to the circuit court for the county in which the order, sentence, or judgment is rendered, except that condemnation cases under Act No. 40 of the Public Acts of 1956, as amended, being sections 280.1 to 280.624 of the Michigan Compiled Laws, and adoption proceedings under chapter 10 of this act, as amended, shall be appealable directly to the court of appeals.

"(2) Notice of appeal shall be given to all interested parties as provided by rules of the supreme court. Appeals from the probate court shall be on a written transcript of the record made in the probate court or on a record settled and agreed to by the parties and approved by the court. The appeals shall not be tried de novo.

"(3) All appeals to the court of appeals from judgments entered by the circuit court on appeals from the probate court shall be by application."

Based on our reading of the above statutes, as well as the cited court rules, we hold that where, as here, a probate court waives jurisdiction over a juvenile in order that he be tried as an adult, the juvenile must first seek review of that decision in the circuit court before this Court will consider the question. Defendant advances no suitable reason why he should be allowed to circumvent the statutory scheme; he cites no cases where this Court exercised review on similar facts. *Cf., People v Bowers,* 54 Mich App 565, 566; 221 NW2d 472 (1974). Hence we refuse to engraft on the foregoing statutes a judicial exception which would sap them of their force.[1]

---

[1] We do not believe *People v Peters,* 397 Mich 360; 244 NW2d 898 (1976), discussed *infra,* requires a different result. There, defendant

Review by the circuit court, we believe, serves three salutary functions: (1) it permits consideration by a court in the same locale as the juvenile court, presumably a court more intimately familiar than are we with the available regional facilities for rehabilitation of juveniles, see MCLA 712A.4(4)(d); MSA 27.3178(598.4)(4)(d) and JCR 1969, 11.1(B)(4); (2) it bears the potential that an erroneous waiver decision will be more speedily considered and reversed than is possible in this Court (thus ensuring that a minor over whom jurisdiction is mistakenly waived, will be returned quickly to juvenile rehabilitation); and (3) it provides the Court of Appeals with an analysis, independently undertaken, of the probate court's reasons for waiver. With these functions in mind, we conclude that defendant may not subvert the legislative plan.[2]

Although we do not reach the particular waiver issue urged by plaintiff, we cannot refrain from comment upon another aspect of this case. That is, whether the probate court's reasons supporting the waiver satisfy the requirement that the court include "a written statement * * * setting forth findings forming the basis for entry of the order". JCR 1969, 11.6 and MCLA 712A.4(7); MSA 27.3178(598.4)(7).

Recently, in *People v Peters,* 397 Mich 360; 244

Peters argued the impropriety of waiver before the circuit court by challenging the constitutionality of the prior waiver statute. Moreover, *Peters* impliedly comprehends appellate review of waiver orders before the circuit courts. 397 Mich at 369.

[2] We note, however, that a defendant who does invoke circuit-court review of a waiver order may, upon his later conviction, raise anew the propriety of waiver in his appeal of right before this Court. *See People v Schumacher,* 75 Mich App 505; 256 NW2d 39 (1977). We read MCLA 701.45a(3); MSA 27.3178(45.1)(3), quoted above, as requiring an appeal "by application" in cases where a juvenile seeks interlocutory appeal (prior to his trial as an adult) of a circuit court order affirming the decision to waive.

NW2d 898 (1976), the Michigan Supreme Court disavowed its majority opinion in *People v Fields (On Rehearing),* 391 Mich 206; 216 NW2d 51 (1974), an earlier juvenile-waiver case, and adopted the following language from Justice LEVIN's dissent in *Fields:*

" 'The means of protecting juveniles who are improvidently waived to a court of general criminal jurisdiction is appellate intervention. We can protect against unjustified discrimination in the exercise of the waiver power by encouraging the circuit courts and the Court of Appeals to exercise, and by ourselves exercising, thoughtful review on appeals from orders waiving jurisdiction. This means reading transcripts, weighing the testimony, *scrutinizing the reasons advanced* for ordering and sustaining the waiver, and, where unconvinced, unhesitating intervention.' " 397 Mich at 369, quoting 391 Mich at 251–252. (Emphasis added.)

In another portion of his *Fields* dissent, Justice LEVIN commented upon the degree of elaboration required of waiver orders:

"The Idaho Supreme Court in *[State v Gibbs,* 94 Idaho 908; 500 P2d 209 (1972)] both by its own careful review of the record—it set aside the waiver because of the inadequacy of the 'investigation' in light of the newly promulgated criteria—and by its reference to pertinent language of the United States Supreme Court in *[Kent v United States,* 383 US 541; 86 S Ct 1045; 16 L Ed 2d 84 (1966)], emphasized the importance of judicial review and the need for a supportive record and for specific, not *pro forma,* fact-finding as safeguards against haphazard or arbitrary decision making.

"The passage quoted by the Idaho Court from *Kent* is as follows:

" ' "Meaningful review requires that the reviewing court should review. It should not be remitted to assumptions. It must have before it a statement of the reasons motivating the waiver including, of course, a

statement of relevant facts." ' *Kent v United States, supra,* p 561." 391 Mich at 242-243. (Emphasis in original.)

Justice LEVIN, after quoting JCR 1969, 11.6, then observed:

"We have thus aligned ourselves with the position of the United States Supreme Court as expressed in *Kent,* and with the Supreme Courts of Idaho and Rhode Island, concerning the need for fact-finding of 'sufficient specificity to permit meaningful review'. *Kent v United States, supra,* p 561.

" 'To play fair, a trial judge relying upon discretionary power should place on record the circumstances and factors that were crucial to his determination. He should spell out his reasons as well as he can so that counsel and the reviewing court will know and be in a position to evaluate the soundness of his decision.' Rosenberg, *Judicial Discretion of the Trial Court, Viewed from Above,* 22 Syracuse L Rev 635, 665-666 (1971)." 391 Mich at 243-244. (Footnote omitted.)

Ultimately, Justice LEVIN, with the present Chief Justice concurring, concluded that the probate court's findings of fact[3] in *Fields* were sufficiently specific for meaningful appellate review.

In the present case, however, the probate court's written findings pale by comparison. Couched in conclusory language that parrots, in large part, the wording of the statute and court rule, the findings shed little light on the factors prompting waiver. An appellate court reviewing such *pro forma* findings must then compensate for the probate court's oversight by independently scouring the record for explication of the judge's conclusions. Despite the statutory admonition that appel-

---

[3] These findings are reported in the original *Fields* decision. *People v Fields,* 388 Mich 66, 68-71; 199 NW2d 217 (1972).

late review may not be *de novo,* MCLA 701.45a(2); MSA 27.3178(45.1)(2), a reviewing court has no other choice, if findings such as these are to be countenanced.

We recognize that this Court has in times past reviewed similarly scant findings and, upon consideration of the entire record, held them adequate. See *People v Rubin Williams,* 50 Mich App 270, 274–277; 213 NW2d 307 (1973), *People v White,* 51 Mich App 1, 5–6; 214 NW2d 326 (1973), *lv den,* 391 Mich 819 (1974). Those cases, however, do not control since they arose prior to *Peters, supra,* and since they did not consider the mandate of JCR 1969, 11.6 or its statutory analogue.

Thus we hold the findings deficient in light of the duties imposed by JCR 11.6 and MCLA 712A.4(7); MSA 27.3178(598.4)(7). Were it not for defendant's failure to follow the proper appeal procedure, the remedy would be a remand to the probate court for supplementation of its findings. Compare cases interpreting GCR 1963, 517.1, *Ray v Mason County Drain Commissioner,* 393 Mich 294; 224 NW2d 883 (1975), *Jamens v Avon Twp,* 71 Mich App 70; 246 NW2d 410 (1976), and *People v Flansburgh,* 71 Mich App 1; 246 NW2d 360 (1976). Since "[i]t is clear beyond dispute that the waiver of jurisdiction is a 'critically important' action determining vitally important statutory rights of the juvenile", *Kent v United States,* 383 US 541, 556; 86 S Ct 1045, 1055; 16 L Ed 2d 84, 94 (1966), we urge probate- and juvenile-court judges to provide findings which clearly illuminate the reasons motivating waiver.

Affirmed.