PEOPLE v RADER

Docket No. 90450. Submitted July 9, 1987, at Lansing. Decided June 8, 1988. Leave to appeal applied for.

Tyrone E. Rader, fifteen years of age, was arrested and charged with three counts of assault with intent to murder, three counts of possession of a firearm during the commission of a felony, two counts of assault with a dangerous weapon, and one count of carrying a concealed weapon. The prosecuting attorney moved in the Oakland County Probate Court to waive jurisdiction and try defendant as an adult. Following the requisite hearings, jurisdiction was waived, Eugene A. Moore, J. Defendant appealed to the Oakland Circuit Court, which affirmed the waiver of jurisdiction, Gene Schnelz, J. Defendant filed an application for leave to appeal to the Court of Appeals. Leave was granted on September 2, 1986. In the interim, however, defendant was convicted in Oakland Circuit Court to two counts of assault with intent to commit murder and two counts of felony firearm and was sentenced to life imprisonment on the assault convictions and to two-year sentences on the felony-firearm convictions. Defendant appealed as of right from his convictions in a separate appeal. This interlocutory appeal raises two issues: (1) Did the probate court improperly waive jurisdiction of the juvenile defendant? and (2) Is this issue moot since the defendant subsequently was convicted in circuit court and claimed an appeal as of right.

The Court of Appeals held:

1. The probate court considered all of the criteria for waiving jurisdiction and found, based on substantial evidence, that defendant was not amenable to treatment in the juvenile system and that both defendant's rehabilitation prospects and the interests of society's security would best be served by waiving jurisdiction. The waiver of jurisdiction was not improper.

2. Defendant did not raise the issue of waiver of probate

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 16 et seq.

See the Index to Annotations under Juvenile Courts and Delinquent Children.

court jurisdiction in his other appeal and the issue was not addressed in the Court's opinion. The issue of the propriety of the waiver of jurisdiction is not moot because of defendant's convictions.

Affirmed.

Courts — Juvenile Courts — Infants — Waiver of Jurisdiction.

An order by the juvenile division of a probate court waiving jurisdiction of a juvenile will be affirmed where the probate court, on the basis of substantial evidence and thorough investigation, determines that the juvenile is not amenable to treatment or that, despite the potential for treatment, the nature of the difficulty is likely to render the juvenile dangerous to the public if released at age nineteen or to disrupt the rehabilitation of other juveniles in the treatment program prior to release; in addition, there must be evidence on the record, to which the probate court refers, regarding the relative suitability of programs available in the juvenile and adult correctional systems.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*James M. Alexander,* for defendant on appeal.

Before: M. J. Kelly, P.J., and Beasley and P. Edwards,* JJ.

Per Curiam. Defendant was charged with three counts of assault with intent to murder, MCL 750.83; MSA 28.278, three counts of possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), two counts of assault with a dangerous weapon, MCL 750.82; MSA 28.277, and one count of carrying a concealed weapon, MCL 750.227; MSA 28.424. At the time of

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

defendant's arrest he was fifteen years old. Defendant was born on September 1, 1969.

The prosecutor moved to waive probate court jurisdiction and try defendant as an adult. Pursuant to MCR 5.911, a Phase 1 hearing was held on February 7 and 28, 1985, in Oakland County Probate Court. After a finding of probable cause to believe that defendant committed the offenses, a Phase 2 hearing was conducted and jurisdiction was waived to the Oakland Circuit Court.

Defendant filed an interlocutory appeal in Oakland Circuit Court, where the waiver order was affirmed. Defendant appealed by leave granted. We affirm.

The felonious assault charges arose out of an incident on December 19, 1984. David Murphy, age thirteen, testified that he and a friend were playing in the woods when defendant shot at them with a rifle and chased them. Two of the assault with intent to murder charges arose out of a similar incident on January 2, 1985. Christopher McGowan testified that he and his friends, all age thirteen, were playing in the same woods when defendant, dressed in camouflage clothes, came out of the bushes. McGowan identified defendant. The other charge of assault with intent to murder arose out of an incident on January 8, 1985. Rosealee Costieu, age seventy-five, testified that defendant came into her store and selected some food items. Defendant appeared nervous and dropped his money. Then, without saying anything, defendant shot Mrs. Costieu in the stomach and ran away. Defendant was arrested on January 10, 1985.

The records indicate that defendant was convicted on April 4, 1986, by a jury in the Oakland Circuit Court of two counts of assault with intent to commit murder, MCL 750,83; MSA 28.278, and

two counts of felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to life imprisonment for the former convictions and to two years imprisonment for the latter convictions. Defendant appealed these convictions as of right (unpublished opinion per curiam, released July 9, 1987 [Docket No. 93066]).

The issues raised in this appeal are:

1. Did the probate court improperly waive jurisdiction of this juvenile defendant?

2. Is the above issue moot?

As to the first issue, the defendant argues that the probate judge improperly based the waiver on a finding of the seriousness of the offenses and a finding that the failure of the correctional facilities to provide adequate treatment made defendant a danger to the public and not amenable to treatment. The defendant further contends that he had no prior record and, while the offenses are serious, the probate judge erroneously concluded that there was a repetitive pattern of offenses.

The record does not support the argument advanced by defendant. The probate judge dwelt at length on each factor in making his decision.

MCR 5.911 establishes the procedure for waiving probate court jurisdiction and identifies the factors the probate court must consider in making its decision. MCR 5.911(A)(1) provides that in the Phase 1 hearing the court shall determine if a felony has been committed and whether there is probable cause to believe that the child committed the crime. Defendant here does not appeal the probate court's determination of probable cause.

In Phase 2, the criteria which the probate court must consider in determining whether jurisdiction should be waived are as follows:

On a showing of probable cause, the court shall

conduct a full investigation to determine whether the interests of the child and the public would best be served by granting a waiver of jurisdiction to a court of criminal jurisdiction. In making the determination, the court shall consider and make findings on the following criteria before a waiver is granted:

(a) the child's prior record and character, physical and mental maturity, and pattern of living;

(b) the seriousness of the offense;

(c) even though less serious, if the offense is part of a repetitive pattern of offenses which would lead to a determination that the child may be beyond rehabilitation under the regular statutory juvenile procedures;

(d) the relative suitability of programs and facilities available to the juvenile and criminal courts for the child;

(e) whether the best interests of the public welfare and the protection of the public security, generally, require that the child stand trial as an adult offender. [MCR 5.911(A)(2). See also MCL 712A.4(4); MSA 27.3178(598.4)(4), and *People v Dunbar,* 423 Mich 380; 377 NW2d 262 (1985).]

An order by the juvenile division of a probate court waiving jurisdiction of a juvenile will be affirmed where the probate court, on the basis of substantial evidence and thorough investigation, determines that the juvenile is not amenable to treatment or that, despite the potential for treatment, the nature of the difficulty is likely to render the juvenile dangerous to the public if released at age nineteen or to disrupt the rehabilitation of other juveniles in the treatment program prior to release. In addition, there must be evidence on the record, to which the probate court refers, regarding the relative suitability of programs available in the juvenile and adult correctional systems. *People v Dunbar,* 423 Mich 380; 377 NW2d 262 (1985), adopting the standard of

review announced in People v Schumacher, 75 Mich App 505; 256 NW2d 39 (1977).

In this case, the probate court considered all of the criteria for waiving jurisdiction and found, based on substantial evidence, that defendant was not amenable to treatment in the juvenile system and that both defendant's rehabilitative prospects and the interests of society's security would best be served by waiving jurisdiction. The testimony about defendant's hostility and anger was confirmed by the circumstances of the charged offenses.

Defendant argues that his cooperation in the detention unit is evidence of his potential for reform. Several witnesses testified, however, that a juvenile may comply with the rules of the facility and still not undergo an actual change in his or her behavior or character. There was substantial evidence supporting the probate court's conclusion that defendant, if released too early, would pose a serious danger to society.

Defendant argues that the probate court erroneously concluded that the charged incidents, which occurred within one month, constituted a repetitive pattern of behavior. Defendant points out that he had no prior juvenile record. The probate court did not err in concluding that the five incidents constituted a repetitive pattern of behavior. The fact that defendant did not have a prior juvenile record is not conclusive. All of the shootings were unprovoked attacks against defenseless children and an elderly woman. The fact that the offenses occurred in a short period of time does not prevent them from being considered a repetitive pattern of offenses.

The series of shootings also indicated the seriousness of defendant's character disorders and indicated that he was beyond rehabilitation within

the juvenile court system. Contrary to defendant's contention, the probate court did not base its conclusion upon its finding of a repetitive pattern of offenses, but considered all of the criteria in making its decision.

Nor did the probate court base its decision only on the seriousness of the offenses, but, rather, it carefully considered defendant's amenity to treatment and the treatment he required. The findings were based upon substantial evidence in the record and are affirmed by this Court. *Dunbar, supra.*

We disagree with the prosecutor's position that this Court should consider the waiver of probate court jurisdiction as moot. The prosecutor claims that this issue is moot because it initially arose in an interlocutory appeal and the defendant subsequently was convicted in circuit court and claimed an appeal as of right (Docket No. 93066). The prosecutor argues that defendant's appellate rights will be pursued in his appeal as of right and that this Court may inadvertently rule twice on the same case. However, a review of defendant's appeal as of right reveals that defendant did not raise the issue of waiver of probate court jurisdiction in that appeal and this Court did not address it in its opinion (Docket No. 93066). Therefore, we need not fear that this Court will have disparate rulings on the same issue in this case. Furthermore, *People v Jackson,* 46 Mich App 764; 208 NW2d 526 (1973), upon which the prosecution relies, does not stand for the proposition that, in a case involving both appeals by leave and appeals as of right, the appeal by leave is rendered moot by disposition of the appeal as of right.

Waiver of juvenile code jurisdiction is a critically important action which determines vitally important statutory rights of the juvenile. *Kent v United States,* 383 US 541, 556; 86 S Ct 1045,

1055; 16 L Ed 2d 84, 94 (1966); *People v Mahone,*
75 Mich App 407, 414; 254 NW2d 907 (1977). We
believe that this appeal by defendant is not moot
because of defendant's subsequent conviction and
that the issue is properly before this Court for its
consideration.

The probate court's waiver of jurisdiction over
defendant to circuit court is affirmed.