PEOPLE v JACKSON

Docket No. 86292. Submitted January 13, 1988, at Lansing. Decided
September 7, 1988. Leave to appeal applied for.

Michael Timothy Jackson was convicted of premeditated murder
at the conclusion of a bench trial in Saginaw Circuit Court,
Robert S. Gilbert, J. Defendant was sixteen years old at the
time of arrest and the Saginaw County Probate Court had
waived jurisdiction. Defendant appealed following the denial of
his motion for a new trial.

The Court of Appeals *held:*

1. Review of the propriety of the probate court's waiver of
jurisdiction is precluded in the absence of a review of the issue
by the circuit court.

2. The question of police compliance with JCR 1969, 3.3 with
regard to defendant's confession was not raised in the proceed-
ings below. The question therefore has not been properly
preserved for appeal, and no miscarriage of justice would result
from this Court's failure to review.

3. Under the totality of the circumstances in this case,
defendant's statement to the police was not coerced and was
therefore properly admissible at trial.

4. A split of authority exists in the Court of Appeals regard-
ing the degree of specificity to which a judge sitting without a
jury must articulate his findings of fact and conclusions of law
in order to satisfy MCR 2.517. The Court has, in one line of
cases, held that specific findings of fact on each element of a
crime are necessary to satisfy the rule and, in another line of
cases, held that the rule's requirements are met so long as it

REFERENCES

Am Jur 2d, Appeal and Error §§ 87, 545, 883.
Am Jur 2d, Criminal Law §§ 849 *et seq.*
Am Jur 2d, Homicide §§ 263 *et seq.*
Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
dren §§ 16 *et seq.,* 50.
Accused's right to speedy trial under Federal Constitution—Su-
preme Court cases. 71 L Ed 2d 983.
Homicide: presumption of deliberation or premeditation from the
circumstances attending the killing. 96 ALR2d 1435.

appears from the trial court's findings that the court was aware of the issues in the case and correctly applied the law. Here, the trial court's findings of fact and conclusions of law with respect to the issues of intent and premeditation are set forth with such specificity as to satisfy the stricter standard first described above and the trial court's findings of fact and conclusions of law with regard to the issue of insanity are sufficient under the other standard.

5. The finding of premeditation was not against the great weight of the evidence.

6. Defendant was not denied his constitutional right to a speedy trial.

Affirmed.

1. CRIMINAL LAW — APPEAL — PROBATE COURT — JURISDICTION — WAIVER.

The Court of Appeals will not rule on the propriety of a waiver of jurisdiction over a juvenile by a probate court unless the juvenile first seeks review in circuit court.

2. CRIMINAL LAW — APPEAL — PRESERVING QUESTION.

Issues not raised in the trial court are not preserved for appeal unless failure to review would result in a miscarriage of justice.

3. CRIMINAL LAW — INFANTS — CONFESSIONS.

The admissibility of a juvenile's confession is determined by looking to the totality of the surrounding circumstances; factors to be considered include (1) whether the requirements of *Miranda v Arizona,* 384 US 436 (1966), have been met, (2) the degree of police compliance with the safeguards mandated by the juvenile court rules, (3) the presence of an adult custodian or parent, and (4) the juvenile's personal background.

4. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.

The Court of Appeals, in reviewing a trial court's denial of a motion for new trial in which it was claimed that the conviction was against the great weight of the evidence, does not substitute its judgment for that of the trial court and will reverse only if the evidence cannot support a finding of guilt beyond a reasonable doubt.

5. HOMICIDE — PREMEDITATION — FIRST-DEGREE MURDER.

Premeditation may be inferred from (1) the weapons used, (2) the location of the wounds inflicted, (3) the circumstances surrounding the killing, (4) the previous relationship between the killer and the victim, and (5) the actions of the killer before and after the crime.

6. CRIMINAL LAW — CONSTITUTIONAL LAW — SPEEDY TRIAL.

> The factors which must be balanced in determining whether a
> defendant was denied his constitutional right to a speedy trial
> are (1) the length of the delay, (2) the reason for the delay, (3)
> whether the defendant asserted his right to a speedy trial, and
> (4) prejudice to the defendant resulting from the delay.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Christopher S.
Boyd,* Prosecuting Attorney, for the people.

*O'Farrell, Smith & Popielarz* (by *Rod O'Farrell*),
for defendant.

Before: SHEPHERD, P.J. and WAHLS and G. B.
FORD,* JJ.

G. B. FORD, J. Defendant appeals as of right
from his April 18, 1985, conviction in Saginaw
Circuit Court of premeditated first-degree murder,
MCL 750.316; MSA 28.548. We affirm.

The incident leading to defendant's conviction
was the December 13, 1983, beating death of a
fourteen-year-old girl. Defendant, who was sixteen
years old at the time of the incident, became
acquainted with the victim two or three years
prior to it because his father was dating the vic-
tim's mother. A friend of the victim testified at
trial that the victim did not like defendant, and
teased him by calling him "pizza face."

One of the victim's neighbors testified that, at
approximately 2:30 P.M. on the date of the murder,
she saw defendant park his truck some distance
away from the victim's home and proceed through
some nearby woods. The victim's friend testified
that she was on the telephone with the victim at
approximately 2:50 P.M. on the same day, and

---

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

heard the victim speak with defendant. The victim asked defendant how he had come to her house, as she did not see his car anywhere. The friend heard defendant reply that his car was parked on the other side of the victim's driveway.

In a December 14, 1983, statement to the police, which was admitted at trial, defendant said that he drove his brother's truck to the vicinity of the victim's house on the day of the murder and parked it some distance away. Upon reaching the victim's house, he entered the garage, picked up a wrench, and knocked on the door. Seeing that the victim was on the telephone, defendant waited until she had completed the call before hitting her on the head with the wrench. He then returned to the garage and got a piece of firewood, with which he also struck the victim. Defendant told the police that he wanted to hit the victim because she called him names.

A pathologist who examined the victim testified that her death was caused by trauma to the skull and brain. He found bruises and lacerations on her face, hands, wrists and back. The injuries were consistent with those administered by a fist, a steel ratchet and a piece of firewood. The injuries had not all been administered at the same time; the blows to the head and face were administered a little more than an hour apart.

Defendant was arrested some time after midnight in the early morning of December 14, 1983, and taken to the state police headquarters in Bridgeport, Michigan. The police also summoned defendant's father, who was located with the victim's family members. Defendant's statement was taken after he and his father signed waivers of their rights under *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Probate court jurisdiction over defendant was

waived to the circuit court by order dated August 20, 1984. On August 31, 1984, defendant filed an appeal from that order. In January, 1985, defendant obtained a new attorney. At a February 14, 1985, hearing in the circuit court, defendant's new attorney stated that the appeal from the order waiving jurisdiction would not be pursued. The appeal was dismissed by order dated March 8, 1985.

On December 17, 1984, defendant filed notice that he intended to assert the defense of insanity. This necessitated adjournment of the trial scheduled January 23, 1985, so that psychiatric examinations could be completed. The trial scheduled March 12, 1985, was continued by stipulation due to the unavailability of one of defendant's expert witnesses, and so that the parties could obtain reports from the Forensic Center. A bench trial was held in April, 1985. Following his conviction, defendant was sentenced to mandatory life imprisonment. This appeal was taken from the circuit court's December 2, 1986, order denying defendant's motion for a new trial.

Defendant first asserts that the probate court improperly waived jurisdiction over him. In denying defendant's motion for a new trial, the circuit court refused to consider this issue, holding that defendant had waived it because he did not timely appeal the probate court's order waiving jurisdiction.

This Court will not rule on the propriety of a waiver of jurisdiction by the probate court unless the juvenile first seeks review in the circuit court. The review procedure is governed by the statutes and court rules pertaining to appeals. *People v Mahone*, 75 Mich App 407, 410; 254 NW2d 907 (1977).

GCR 1963, 701.2(a), now MCR 7.101(B)(1), pro-

vided for an appeal as of right to the circuit court from a probate court order if appeal was taken within twenty days of the entry date of the order (twenty-one days under the new rule). Where the twenty-day period had expired, the circuit court could grant leave to appeal if requested pursuant to GCR 1963, 701.2(c), 703.2, now MCR 7.101(B)(2), 7.103(B).

Here, defendant appealed from the probate court's August 20, 1984, order waiving jurisdiction within the twenty-day time limitation of former GCR 1963, 701.2(a). However, defendant subsequently abandoned the appeal, which has been dismissed. Moreover, defendant never sought leave to appeal in the circuit court. Because no appeal has been pursued in the circuit court, this Court may not consider the propriety of the probate court's order waiving jurisdiction.[1]

Defendant next contends that his December 14, 1983, statement to the police should not have been admitted into evidence at trial. Defendant asserts that the police failed to comply with the provisions of JCR 1969, 3.3, in that they failed to advise him of his right to be taken to a youth-detention facility and to have a youth officer present while he

---

[1] Defendant cites *People v Billington,* 116 Mich App 220, 230; 323 NW2d 343 (1982), for the proposition that the time limit for appeals from probate court should not be applied to the instant circumstances. In *Billington,* defendant challenged the probate court's waiver of jurisdiction in this Court without first having raised it in the circuit court. This Court refused to consider the issue because it had not been raised in the circuit court, noting in dictum that defendant had two opportunities to challenge the waiver of jurisdiction at two trials in his case. We note that the issue of timeliness under the court rules governing appellate proceedings was not before the panel in *Billington,* and disagree with that opinion insofar as it implies that the time limits set forth in the court rules do not apply in cases involving waiver of jurisdiction from probate court. We agree with the panel in *People v Mahone, supra,* that requiring compliance with the time limits imposed in the court rules will facilitate the speedy resolution of the jurisdictional issue in serious crimes involving juveniles.

made his statement. Defendant further protests that he was exposed to police questioning without the presence of a parent who could adequately protect his interest. Defendant claims that his father's connection with the victim's family rendered him unable to act as advocate for his son.

The voluntariness of defendant's statement was tested by the probate court, which held a hearing pursuant to *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965), during the waiver proceedings. A *Walker* hearing was also held in the circuit court. The question of police compliance with JCR 1969, 3.3 is raised for the first time on appeal, however.

Issues not raised in the trial court are not preserved for appeal unless failure to review would result in a miscarriage of justice. *People v Snow,* 386 Mich 586, 591; 194 NW2d 314 (1972). We are not convinced that a miscarriage of justice would result from our failure to review defendant's objections based on JCR 1969, 3.3.

Under *People v Irby,* 129 Mich App 306, 316; 342 NW2d 303 (1983), lv den 418 Mich 951 (1984), the admissibility of a juvenile's confession is determined by looking to the totality of the surrounding circumstances. Factors to be considered are (1) whether the requirements of *Miranda v Arizona, supra,* have been met, (2) the degree of police compliance with the safeguards mandated by the juvenile court rules, (3) the presence of an adult custodian or parent, and (4) the juvenile's personal background. Here, the record reflects that the police were remiss in carrying out their duty to inform defendant of his rights as a juvenile. It also reflects that defendant has dull normal intelligence, with an IQ score of 88. However, defendant and his father were both adequately informed of their *Miranda* rights, and both clearly understood

and waived them. Moreover, defendant was not questioned about the facts surrounding the killing until his father was present. There is no indication in the transcript of the police interview with defendant and his father, which includes the *Miranda* warnings, that defendant's father was unable to exercise his free will or protect defendant's rights. We find under the totality of the circumstances that defendant's statement to the police was not coerced, and that it was properly admissible at trial.

Defendant further asserts that the circuit court did not adequately state findings of fact and conclusions of law in support of his conviction as required by MCR 2.517. Specifically, defendant challenges the court's findings with respect to intent, premeditation and insanity.

In *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973), our Supreme Court held that in a criminal case a judge sitting without a jury must articulate findings of fact as well as conclusions of law to ensure that the law has been correctly applied to the facts. There has been disagreement among several panels of this Court as to the degree of specificity necessary to satisfy MCR 2.517. In *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983), one panel held that specific findings of fact on each element of the crime are necessary to satisfy the rule. In *People v Taylor,* 133 Mich App 762; 350 NW2d 318 (1984), rev'd and remanded on other grounds 422 Mich 554, 568; 375 NW2d 1 (1985), another panel held that the rule's requirements are met as long as it appears from the court's findings that the court was aware of the issues in the case and correctly applied the law. We note the trend in more recent cases is to follow the rule of *Taylor.* See, e.g., *People v Eggleston,* 149 Mich App 665, 671; 386 NW2d 637

(1986), lv den 426 Mich 862 (1986); *People v Melvin Davis,* 146 Mich App 537, 551; 381 NW2d 759 (1985); *People v Robinson,* 145 Mich App 562; 378 NW2d 551 (1985); *People v Fair,* 165 Mich App 294, 298; 418 NW2d 438 (1987); *People v Daniels,* 163 Mich App 703; 415 NW2d 282 (1987).[2]

Here, the circuit court's findings of fact and conclusions of law with respect to the issues of intent and premeditation are set forth with such specificity as to satisfy the stricter standard set forth in *People v Davis, supra.* Accordingly, the findings on these issues form no basis for reversal.

The court's findings of fact and conclusions of law regarding insanity do not meet the stricter *Davis* standard; however, they are sufficient under *People v Taylor, supra.* On this basis, we will uphold the court's findings with respect to insanity. The court's findings show the trial judge's awareness of the insanity issue and his resolution of it; moreover, appellate review would not be facilitated by further explication. *People v Jackson, supra,* p 627, n 3.

Defendant also urges this Court to find that the great weight of the evidence does not establish the element of premeditation. Reversal on this basis is warranted only if the circuit court abused its discretion in denying defendant's motion for a new trial. We will not substitute our judgment for the factfinder's, but will reverse only if the evidence cannot support a finding of guilt beyond a reasonable doubt. *People v Turner,* 62 Mich App 467, 470; 233 NW2d 617 (1975); *People v Whalen,* 129 Mich App 732, 745; 342 NW2d 917 (1983).

Premeditation may be inferred from (1) the weapons used in a killing, (2) the location of the

---

[2] We further note that two of the panel members in *People v Davis* have subsequently repudiated its holding. *People v Fair, supra,* p 298, n 1.

wounds inflicted, (3) the circumstances surrounding a killing, (4) the previous relationship between the killer and victim, and (5) the killer's actions before and after the crime. *People v Kvam,* 160 Mich App 189, 193; 408 NW2d 71 (1987). Here, defendant knew the victim for two or three years prior to the killing and did not get along with her because she called him names. He parked his truck a distance away from the victim's home on the date of the killing, from which the trial court could infer that he did not wish to be seen there that day. Defendant picked up a tool used in the killing before entering the victim's house, and waited to strike her until she had finished a telephone conversation. Having hit her with the tool, he returned to her garage for a bigger weapon, with which he attacked her a second time. Four of five psychotherapists who interviewed defendant after the killing testified at trial that defendant did not meet the statutory criteria for insanity, and that he knew what he was going to do to the victim before he went to her house. Given the foregoing facts, the evidence supports the judge's finding that the killing was premeditated.[3]

Defendant's final contention on appeal is that he was denied his right to a speedy trial under Const 1963, art 1, § 20.

The factors which must be balanced in determining whether defendant was denied his constitutional right to a speedy trial are (1) the length of the delay, (2) the reason for the delay, (3) whether defendant asserted his right to a speedy trial, and (4) prejudice to defendant resulting from the delay.

[3] We find no merit in defendant's contention that the circuit court took an insufficient amount of time to review the evidence before announcing its finding of guilt. Because the evidence overwhelmingly substantiated the court's finding, lengthy deliberations were unnecessary.

*People v Lowenstein,* 118 Mich App 475, 487; 325 NW2d 462 (1982), lv den 414 Mich 947 (1982).

Here, defendant was tried approximately sixteen months after his arrest and incarceration on December 14, 1983. He asserted his right to a speedy trial October 3, 1984. The delay was caused by the April, 1984, waiver proceedings, and defendant's assertion of the insanity defense December 17, 1984. The assertion of the insanity defense necessitated postponement of trial from January to April, 1985, so that evidence pertinent to the defense could be obtained. We find no prejudice resulting from the delay, because it was necessary to protect defendant's rights as a juvenile and to adequately present his defense of insanity. Defendant's assertion that the delay caused him anxiety is, by itself, insufficient to establish a violation of his right to a speedy trial. *People v White,* 54 Mich App 342, 352; 220 NW2d 789 (1974), lv den 397 Mich 805 (1976).

Affirmed.