## PEOPLE v LEWIS

Docket No. 43825. Submitted January 3, 1980, at Grand Rapids.—
Decided February 20, 1980.

Defendant, Al Junior Lewis, was convicted of second-degree mur-
der in the Recorder's Court of Detroit, Patricia J. Boyle, J.
Defendant appeals by leave granted, alleging numerous errors.
*Held:*

1. Evidence establishing premeditation may be entirely cir-
cumstantial. Prior threats or ill feelings between the defendant
and the deceased, as well as evidence that the defendant
procured a weapon to effectuate the crime, are indicia of
premeditation.

2. The Court of Appeals will not reverse a trial judge's denial
of a change of venue absent an abuse of discretion.

3. Factors which should be used in determining whether an
independent basis exists for an identification include: (a) prior
relationship with or knowledge of the defendant; (b) the oppor-
tunity to observe the offense; (c) length of time between the
offense and the disputed identification; (d) accuracy of or discre-
pancies in the pre-lineup or showup description given by the
witness compared with the defendant's actual appearance; (e)
any previous proper identification or failure to identify the
defendant; (f) any identification prior to lineup or showup of
another person as the defendant; (g) the nature of the offense,
the physical and psychological state of the witness, and factors
such as fatigue, nervous exhaustion, alcohol and drugs, and the
age and intelligence of the witness; (h) any idiosyncratic or
special features of the defendant.

4. Voluntary manslaughter is not a necessarily lesser in-
cluded offense of murder. Where the evidence adduced at trial
would not support a conviction of voluntary manslaughter, the

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 275, 283, 316, 439.
[2] 21 Am Jur 2d, Criminal Law § 417 *et seq.*
[3] 29 Am Jur 2d, Evidence §§ 367, 371, 372.
Admissibility of evidence as to extrajudicial or pretrial identifica-
tion of accused. 71 ALR2d 449.
[4] 40 Am Jur 2d, Homicide §§ 55, 56.

trial judge errs in instructing on voluntary manslaughter and in allowing defendant's counsel to prove it to the jury. However, such error inures to the advantage of the defendant and is not reversible where defendant was convicted of second-degree murder.

Affirmed.

1. HOMICIDE — PREMEDITATION — EVIDENCE — CIRCUMSTANTIAL EVIDENCE.

Evidence establishing premeditation may be entirely circumstantial; prior threats or ill feelings between the defendant and the deceased, as well as evidence that the defendant procured a weapon to effectuate the crime, are indicia of premeditation.

2. VENUE — CHANGE OF VENUE — CRIMINAL LAW — DISCRETION — STATUTES.

A trial judge may grant either party in a criminal proceeding a change of venue upon good cause shown or may deny the motion in his discretion; to set aside such a decision, there must be a clear showing of abuse of discretion on the part of the court.

3. CRIMINAL LAW — EVIDENCE — IDENTIFICATION EVIDENCE — EYEWITNESSES.

Factors which would be used in determining whether an independent basis exists for an identification include: (a) prior relationship with or knowledge of the defendant; (b) the opportunity to observe the offense; (c) length of time between the offense and the disputed identification; (d) accuracy of or discrepancies in the pre-lineup or showup description given by the witness compared with the defendant's actual appearance; (e) any previous proper identification or failure to identify the defendant; (f) any identification prior to lineup or showup of another person as the defendant; (g) the nature of the offense, the physical and psychological state of the witness, and factors such as fatigue, nervous exhaustion, alcohol and drugs, and the age and intelligence of the witness; (h) any idiosyncratic or special features of the defendant.

4. HOMICIDE — LESSER INCLUDED OFFENSES — MURDER — VOLUNTARY MANSLAUGHTER.

Voluntary manslaughter is not a necessarily lesser included offense of murder.

*Gerald J. Surowiec,* for defendant on appeal.

Before: D. F. WALSH, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

R. B. BURNS, J. Defendant was convicted by a jury of one count of second-degree murder, MCL 750.317; MSA 28.549. He appeals and we affirm.

It was alleged that the defendant came into the school room where the decedent was teaching, spoke briefly with her, and then shot her in the presence of the students in the room. Defendant asserts that the magistrate abused his discretion in binding defendant over on the charge of first-degree murder because there was no evidence of premeditation or deliberation.

Evidence was offered at the preliminary examination that defendant was carrying a gun when he went to the school where the victim was teaching. The victim was married to defendant and she had moved from their house and was divorcing him. A social worker who had discussed the divorce with defendant testified that defendant told her that he would not let his wife get away with taking everything and that he was going to "get" his wife.

Evidence establishing premeditation may be entirely circumstantial. *People v Hoffmeister,* 394 Mich 155, 158-159; 229 NW2d 305 (1975). It has been held that prior threats or ill feelings between the defendant and the deceased, as well as evidence that the defendant procured a weapon to effectuate the crime, are indicia of premeditation. *People v Wells,* 87 Mich App 402, 409-410; 274 NW2d 797 (1978). We find in the present case sufficient evidence to support the magistrate's decision to bind the defendant over on the charge of first-degree murder.

Because he claimed that the case had received public notice from the initial moments after the shooting, defendant made a motion for change of

venue. This motion was denied by the trial court after a jury was successfully chosen. Only three jurors in the panel were excused for a cause related to their knowledge of the case and the trial court found that defendant's objections to the panel were without merit.

This Court will not reverse a trial court's denial of a motion for change of venue absent an abuse of discretion. *People v Gerald Hughes,* 85 Mich App 8, 14; 270 NW2d 692 (1978). Applying the factors set forth in *Hughes* we find no abuse of discretion. Defendant's argument rests primarily on his assertion that the jury's answers, when they were questioned about their ability to be impartial despite having read newspaper articles on the case, cannot be trusted. We do not share defendant's view of the jury selection process, especially in light of the vigorous voir dire that defendant's counsel was permitted to conduct.

Defendant contends also that the trial court erred in denying defendant's motions for suppression of evidence. Defendant moved to suppress his address book which was seized when the police searched defendant's house pursuant to a search warrant, and the testimony of Colleen Scott whose address defendant claims was illegally discovered in the book. Defendant claims that he was prejudiced by the admission of Ms. Scott's testimony. The trial court held the evidence admissible under the 'inevitable discovery rule' on the theory that there was an independent basis upon which the police could have discovered the witness's address. We find no error in that ruling.

Ms. Scott testified that she was with the defendant in the early morning hours of the day of the shooting, at which time the defendant had a gun and bullets and stated to the witness that he was

going to kill someone. Prior to the seizure of the address book, the police interviewed Jesse Hodges, Jr., a neighbor of defendant, who told the police that he had driven the defendant to a house on Wadsworth in the early morning hours on the day of the shooting. Though Mr. Hodges did not give the police an exact address of the Wadsworth home of Ms. Scott, he did describe the location of the house in great detail.

In ruling on this matter, we note the recent direction of the United States Supreme Court in *United States v Ceccolini,* 435 US 268, 280; 98 S Ct 1054; 55 L Ed 2d 268 (1978), on the application of the exclusionary rule to witness testimony. In *Ceccolini, supra,* the Court stated:

> "* * * the exclusionary rule should be invoked with much greater reluctance where the claim is based on a causal relationship between a constitutional violation and the discovery of a live witness than when a similar claim is advanced to support suppression of an inanimate object."

Because we find that the police would have located the witness Scott independently of their having found her address in defendant's address book we affirm the ruling of the trial court.

The trial court also denied defendant's motion to suppress the identification testimony of Robin Klein. Ms. Klein, a speech pathologist at the school, testified that on the day of the shooting, the defendant, whom she identified in court, very politely asked her for directions to the decedent's classroom. Prior to seeing defendant in the courtroom, Ms. Klein was shown a picture of the defendant. Ms. Klein stated that the picture resembled the man at the school but she would not identify the person in the picture as that person since she

believed that the picture looked like a much younger man with more hair. In fact, the police photograph of defendant was ten years old. At the hearing Ms. Klein testified that her identification of defendant was based exclusively on her memory from the school.

In determining whether the trial court correctly concluded that the witness's identification of defendant was independent of the police photograph display we apply the factors stated in *People v Kachar,* 400 Mich 78, 95-96; 252 NW2d 807 (1977). We note that the witness saw the defendant from a very close distance, that she never failed to identify defendant nor had she identified anybody other than defendant. She did not blindly accept the proffered photograph but reserved her judgment until seeing the defendant and her identification was made shortly after the shooting. Moreover, the witness's observation of the defendant was not in an excited situation and there is no reason to believe that her emotional state would have impaired her ability to observe and remember the defendant.

Defendant's final contention is that the trial court committed reversible error in misstating defendant's closing argument in its instructions to the jury. The trial court instructed on the lesser included offense of manslaughter but in summarizing defendant's claim did not specifically state that defendant was asking the jury to return this verdict.

The Michigan Supreme Court has held that manslaughter is not a necessarily included offense of the crime of murder. *People v Van Wyck,* 402 Mich 266, 269-270; 262 NW2d 638 (1978). The trial court, thus, should not have instructed the jury on the crime of manslaughter nor allowed the defense

attorney to argue this verdict to the jury unless the evidence adduced at trial would have been sufficient to support such a verdict. *Van Wyck, supra.* We have carefully reviewed the record in the present case and find no evidence which would support manslaughter as a potential verdict. Accordingly, if the trial court committed error it was in instructing the jury on manslaughter and permitting the defense counsel to argue manslaughter to the jury. As this error inured to defendant's advantage we find no reversible error.

Affirmed.