PEOPLE v TAYLOR

Docket No. 68118. Submitted January 4, 1984, at Detroit.—Decided
    April 16, 1984. Leave to appeal granted, 419 Mich 879.

Ronald G. Taylor was convicted of one count of second-degree
    murder, five counts of assault with intent to murder, and one
    count of possession of a firearm during the commission of a
    felony, Wayne Circuit Court, William L. Cahalan, J. The evi-
    dence indicated that the defendant invited himself into a
    neighbor's house on New Year's Eve. The occupants ejected the
    defendant from the house. The defendant returned to the house
    and fired at the house 28 times with a rifle. One person died
    and several persons were injured. The defendant appealed
    alleging that (1) there was no evidence of premeditation or
    deliberation, (2) the trial court improperly found him guilty of
    assault with intent to murder, since the trial court did not find
    that he had a specific intent to kill, and (3) the trial court failed
    to make sufficient findings of fact to support the elements of
    the felony-firearm conviction. *Held:*

    1. There was ample evidence of premeditation and delibera-
    tion. Here, the defendant threatened that he would return to
    the house with a weapon and then procured a rifle and re-
    turned. The manner in which the defendant used the rifle was
    also evidence of a premeditated intent to kill.

    2. The trial court properly convicted the defendant of assault
    with intent to murder. The trial court properly found that
    defendant had the intent to kill. The defendant knowingly shot
    28 rounds into a small house with a high-powered rifle.

    3. The trial court's opinion clearly manifests a finding that
    the defendant knowingly possessed a firearm during the com-
    mission of a felony. Any other interpretation of the trial court's
    opinion would be absurd and unreasonable. While it would
    have been preferable for the trial judge to specifically state his

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 439.
[2] 40 Am Jur 2d, Homicide §§ 570-572, 578.
[3] 5 Am Jur 2d, Appeal and Error §§ 414, 839.

findings on the felony-firearm charge, he did not err in making general findings of fact for all of the charges.

Affirmed.

1. HOMICIDE — PREMEDITATION — EVIDENCE — CIRCUMSTANTIAL EVIDENCE.

Evidence establishing premeditation may be entirely circumstantial; prior threats or ill feelings between the defendant and the deceased, as well as evidence that the defendant procured a weapon to effectuate the crime, are indicia of premeditation.

2. ASSAULT AND BATTERY — ASSAULT WITH INTENT TO MURDER.

An actual intent to kill must be proven to support a conviction of assault with intent to commit murder.

3. CRIMINAL LAW — FINDINGS OF FACT.

A trial court in a criminal case in which the defendant is convicted in a bench trial should state that it has found each element of that crime of which the defendant was convicted in order to enable an appellate court to know the law that the trial court applied.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan),* for defendant on appeal.

Before: J. H. GILLIS, P.J., and T. M. BURNS and R. ROBINSON,* JJ.

PER CURIAM. Following a bench trial, defendant, Ronald Taylor, was convicted of one count of second-degree murder, MCL 750.317; MSA 28.549, five counts of assault with intent to murder, MCL 750.83; MSA 28.278, and one count of possession of a firearm during the commission of a felony, MCL

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

750.227b; MSA 28.424(2). Defendant appeals as of right.

On appeal, defendant first argues that, since no evidence of intent to murder was introduced at the preliminary examination, defendant should not have been brought to trial on charges of first-degree murder and assault with intent to murder. Specifically, defendant argues that, since he was intoxicated and had just been beaten, there was no evidence of premeditation or deliberation.

Contrary to defendant's contention, there was ample evidence of premeditation and deliberation. Defendant invited himself into a neighbor's house on New Year's Eve. He soon was involved in a fight and pulled a knife. The occupants of the house then ejected defendant. Defendant shouted that he would be back. Fifteen minutes later, defendant returned with a rifle and shot at the front of the house. Defendant drove to the rear of the house and resumed shooting at it. The police officers determined that defendant shot at the house 28 times.

As this Court said in *People v Lewis,* 95 Mich App 513, 515; 291 NW2d 100 (1980):

"Evidence establishing premeditation may be entirely circumstantial. *People v Hoffmeister,* 394 Mich 155, 158-159; 229 NW2d 305 (1975). It has been held that prior threats or ill feelings between the defendant and the deceased, as well as evidence that the defendant procured a weapon to effectuate the crime, are indicia of premeditation. *People v Wells,* 87 Mich App 402, 409-410; 274 NW2d 797 (1978)."

In the instant case, defendant threatened that he would return and then procured a weapon. This was sufficient evidence to infer premeditation. The manner in which defendant used the rifle was also

evidence of a premeditated intent to kill. *People v Jones,* 115 Mich App 543; 321 NW2d 723 (1982). Defendant's actions permitted a strong inference of premeditation.

Defendant next argues that the trial court improperly found him guilty of assault with intent to murder since the trial court did not find that the defendant had a specific intent to kill. Defendant relies on *People v Crawford,* 128 Mich App 537; 340 NW2d 323 (1983), in which this Court held that an actual intent to kill must be proven to support a conviction of assault with intent to commit murder.

Upon carefully reviewing the trial court's opinion, we find that actual intent to kill was proven. Defendant knowingly shot 28 rounds into a small house with a high-powered rifle. The trial court found that defendant did so with malice in that he intentionally shot into the house knowing that the natural tendency of his act was to cause death. After reading its findings, the trial court asked the attorneys if they had any questions. Defense counsel failed to object to the trial court's findings. Defense counsel's failure to object is consistent with our finding that the trial court properly found that defendant had the intent to kill. The trial court properly convicted the defendant of assault with intent to murder.

Defendant finally argues that the trial court failed to make sufficient findings of fact to support the element of the felony-firearm conviction. Defendant relies on *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983). In *Davis,* this Court stated that a trial court must specifically state that it had found each element of a crime. The Court in *Davis* refused to follow the general rule that, if it was manifest from the trial court's opinion that it

was aware of the factual issue and that the trial court resolved it, a remand for further fact-finding would not facilitate appellate review. *Davis* found that this general rule does not apply to the trial court's findings on the elements of a crime. 126 Mich App 70.

In the instant case, the trial court found that defendant "obtained a rifle" and knowingly used it when he shot 28 times into the victims' house. If we strictly applied *Davis,* we would remand since the trial court did not state that defendant knowingly possessed a firearm during the commission of a felony. We decline to follow *Davis* since *Davis* misinterpreted *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973).[1] In *Jackson,* the Supreme Court found that a trial court's findings were insufficient if they created doubt as to whether the trial court correctly applied the law to the facts. In the instant case, the trial court's opinion clearly manifests a finding that defendant knowingly possessed a firearm during the commission of a felony. Any other interpretation of the trial court's opinion would be absurd and unreasonable. While it would have been preferable for the trial judge to specifically state his findings on the felony-firearm charge, the trial court did not err in making general findings of fact for all of the charges.

Upon reviewing all of defendant's arguments, we find them to be without merit. Defendant's convictions are, therefore, affirmed.

Affirmed.

---

[1] Judge BURNS acknowledges that he was a member of the panel that decided *People v Davis, supra,* but no longer subscribes to the views expressed in *Davis.*