PEOPLE v EGGLESTON

Docket No. 81323. Submitted November 13, 1985, at Detroit.—Decided
    March 4, 1986. Leave to appeal denied, 425 Mich 862.

Eldridge L. Eggleston was charged with one count of criminal
    sexual conduct and one count of assault with intent to murder.
    Following a bench trial in Monroe Circuit Court, William J.
    Weipert, Jr., J., defendant was convicted of assault with intent
    to commit great bodily harm less than murder. Defendant
    appealed, claiming that the evidence at trial was insufficient to
    support his conviction and that the trial court's findings of fact
    were insufficient. *Held:*

1. Defendant's assault charge was based on the theory that
    he aided and abetted his brother in the assault of the complain-
    ant. To convict on that theory the prosecution must establish
    that the defendant either possessed the specific intent to do
    great bodily harm less than murder or that he knew that his
    brother possessed that intent. The testimony of the complain-
    ant was sufficient to establish that the defendant assisted his
    brother in the assault on the complainant, knowing that his
    brother intended to do great bodily harm less than murder.
    Since the Court of Appeals gives great deference to the trial
    court's assessment of the credibility of the witnesses, there was
    sufficient evidence to sustain the defendant's conviction.

2. The court rules require only that it appear from the trial
    court's findings that the trial court was aware of the issues in
    the case and correctly applied the law. The trial court need not
    make specific findings of fact on each element of the crime. The
    findings of the trial court were sufficient.

Affirmed.

1. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE — BENCH
    TRIALS.
    The Court of Appeals in reviewing the question of the sufficiency

REFERENCES

Am Jur 2d, Assault and Battery §§ 6, 11, 20, 51, 92.
Am Jur 2d, Criminal Law §§ 167, 171, 175, 176, 277.
See the annotations in the ALR3d/4th Quick Index under Assault
    and Battery; Criminal Law.

of the evidence in an appeal from a bench trial must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt or whether the trial court clearly erred.

2. CRIMINAL LAW — AIDERS AND ABETTORS.

One who procures, counsels, aids or abets in the commission of an offense may be tried and convicted as if he directly committed the offense; mere presence, even with knowledge that an offense is about to be committed, is not enough to make one an aider or abettor; a defendant, to be convicted as an aider or abettor, must either himself possess the required intent or participate while knowing that the principal possessed the required intent (MCL 767.39; MSA 28.979).

3. ASSAULT AND BATTERY — INTENT TO DO GREAT BODILY HARM — SPECIFIC INTENT.

Assault with intent to do great bodily harm less than murder is a specific intent crime.

4. CRIMINAL LAW — AIDERS AND ABETTORS — SPECIFIC INTENT — INFERENCES — CIRCUMSTANTIAL EVIDENCE.

The specific intent of a person charged with aiding and abetting in the commission of a crime or that person's knowledge of the principal's specific intent may be inferred from circumstantial evidence.

5. APPEAL — BENCH TRIALS — WITNESSES — CREDIBILITY.

The Court of Appeals in an appeal from a bench trial gives great deference to the superior ability of the trial court to assess the credibility of the witnesses.

6. CRIMINAL LAW — BENCH TRIALS — FINDINGS OF FACT.

The findings of fact by a trial court sitting without a jury in a criminal case are sufficient if it appears from those findings that the trial court was aware of the issues in the case and correctly applied the law; the controlling court rule does not require that the trial court make specific findings of fact on each element of the crime (GCR 1963, 517.1).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael W. La Beau,* Prosecuting Attorney, and *Lawrence J. VanWasshenova,* Assistant Prosecuting Attorney, for the people.

*John E. Luchansky, Jr.,* for defendant on appeal.

Before: GRIBBS, P.J., and HOOD and A. T. DAVIS,*
JJ.

PER CURIAM. Defendant was charged with one
count of criminal sexual conduct in the first de-
gree, MCL 750.520b(1)(d); MSA 28.788(2)(1)(d), and
with one count of assault with intent to commit
murder, MCL 750.83; MSA 28.278. Pursuant to a
bench trial, defendant was acquitted of the crimi-
nal sexual conduct count and convicted of assault
with intent to do great bodily harm less than
murder, MCL 750.84; MSA 28.279. Defendant ap-
peals as of right.

On appeal, defendant claims that the evidence
at trial was insufficient to support his conviction.
We disagree.

In reviewing the sufficiency of the evidence in
an appeal from a bench trial, this Court must
determine whether, viewing the evidence in a light
most favorable to the prosecution, a rational trier
of fact could find the essential elements of the
crime proven beyond a reasonable doubt, *People v
Marlin Smith,* 119 Mich App 91, 94; 326 NW2d
434 (1982); *People v Gregory Johnson,* 112 Mich
App 483, 489; 316 NW2d 247 (1982), or whether
the court clearly erred, *People v Triplett,* 105 Mich
App 182, 190-191; 306 NW2d 442 (1981), *remanded*
414 Mich 898; 323 NW2d 7 (1982); *People v Ander-
son,* 112 Mich App 640, 648; 317 NW2d 205 (1981).

Defendant was convicted of assault with intent
to do great bodily harm on an aider and abettor
theory. In *People v Vicuna,* 141 Mich App 486,
495-496; 367 NW2d 887 (1985), this Court summa-
rized the law applicable to aiding and abetting:

"One who procures, aids or abets in the commission
of an offense may be tried and convicted as if he

* Circuit judge, sitting on the Court of Appeals by assignment.

directly committed the offense. MCL 767.39; MSA 28.979. The phrase 'aiding and abetting' describes all forms of assistance rendered to the perpetrator of the crime and comprehends all words or deeds which may support, encourage or incite the commission of a crime. *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974); *People v Cortez,* 131 Mich App 316; 346 NW2d 540 (1984); *People v Turner,* 125 Mich App 8; 336 NW2d 217 (1983). Mere presence, even with knowledge that an offense is about to be committed, is not enough to make one an aider or abettor. *People v Burrel, supra.* To be convicted, the defendant must either himself possess the required intent or participate while knowing that the principal possessed the required intent. *Turner, supra; People v Karst,* 118 Mich App 34; 324 NW2d 526 (1982); *People v Triplett,* 105 Mich App 182; 306 NW2d 442 (1981), *remanded on other grounds* 414 Mich 898; 323 NW2d 7 (1982)."

Assault with intent to do great bodily harm less than murder is a specific intent crime. *People v Mack,* 112 Mich App 605; 317 NW2d 190 (1981); *People v Gillian,* 27 Mich App 314; 183 NW2d 364 (1970), *lv den* 384 Mich 790 (1970). In order to convict the defendant at bar, therefore, the prosecution had to establish that defendant either possessed the specific intent to do great bodily harm or knew that the principal possessed that specific intent. Defendant's specific intent or his knowledge of the principal's specific intent may be inferred from circumstantial evidence. *People v Vicuna, supra,* p 496; *People v Kramer,* 108 Mich App 240; 310 NW2d 347 (1981).

At the trial in this case, complainant indicated that defendant and his brother, Robert Eggleston, threw her in the back of defendant's truck. Defendant raped the complainant and then entered the cab of the truck. Robert Eggleston then entered the rear of the truck and yelled to defendant to drive to Toledo.

Robert then raped the complainant and stabbed her six or seven times in the chest with a pocket knife. The complainant tried to play dead, but Robert continued to rape her.

After a while, defendant stopped the truck, came around to the back and, upon seeing that the complainant was bleeding, told Robert to let her go. Robert refused, saying that he was going to finish her off and dump her in the water. Defendant got back in the cab of the truck and continued to drive south.

Complainant continued to struggle with Robert, who stabbed her again and again. Complainant tried to climb out the back window and eventually fell off the truck onto a gravel road. When she saw the brake lights of the truck go on, she ran away.

The complainant ran an unknown distance until she spotted a house. After she smashed through a window of the bathroom, the owners of the house called the police and rescue squad. The complainant was taken to a hospital where she was treated for multiple stab wounds, a collapsed right lung, contusions and abrasions.

Approximately one-half hour after complainant was found, defendant and his brother were pulled over by the police for speeding. Upon finding blood on the truck and a female shoe, woman's watch, underwear and a blood stained knife in the truck, the police arrested defendant and his brother for the assault on the complainant.

Defendant testified on his own behalf and contradicted the complainant's story. He denied raping complainant and indicated that complainant got into the back of the truck with Robert willingly. He also indicated that he could not see or hear what transpired in the back of the truck because of the rain that was falling, the noise from

the snow tires on the gravel road and the music from the radio.

He claimed that he stopped the truck when he heard a window break in the back of the truck. When he went to the rear, he was shocked to see his brother covered with blood. His brother told him that complainant had jumped out of the truck. Defendant turned the truck around, looked for complainant for a while and then headed for home. On the way home, Robert told him that he had stabbed the complainant.

Robert Eggleston also testified at trial and basically corroborated defendant's testimony. He explained that, when he and complainant got into the back of the truck, he was unable to have intercourse with complainant because of his intoxicated condition. The complainant got angry about this and assaulted Robert with an electrical cord that was in the truck. Robert pulled his knife out in self-defense. He admitted stabbing her and stated that, when he tried to stop her bleeding, she jumped out of the truck. Robert yelled for his brother to stop the truck and banged on the window, leaving a bloody handprint. Defendant eventually heard him and stopped the truck.

The prosecution introduced into evidence a voluntary tape recorded statement that defendant had made several hours after he was taken into custody. This statement contradicted several parts of his trial testimony, particularly as to defendant's ability to see and hear what was occurring in the back of the truck.

In its findings of fact, the trial court stated that defendant could not help but be aware of the struggle taking place in the back of the truck, given the victim's calls for help, the pounding on the window, and defendant's position to observe what was transpiring in the back of the truck through the window in the cab. The trial court

also found that the defendant must have known that the complainant was suffering from a severe battery at defendant's brother's hands. However, the trial court did not believe that defendant knew that his brother intended murder. Therefore, the trial court convicted defendant of assault with intent to commit great bodily harm less than murder.

Our review of the record indicates that the credibility of the various witnesses was a critical factor in the determination of defendant's guilt. This Court gives great deference to the superior ability of the trial court to assess the credibility of the witnesses. *People v Gregory Johnson,* 112 Mich App 483, 489; 316 NW2d 247 (1982); *People v Thomas,* 387 Mich 368, 372; 197 NW2d 51 (1972). Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that the evidence was sufficient to sustain defendant's conviction.

Defendant's final issue on appeal is that the trial court's findings of fact do not satisfy GCR 1963, 517.1.

Currently, there is a split among the panels of this Court concerning the degree of specificity necessary to satisfy the above court rule. In *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983), this Court held that specific findings of fact on each element of the crime are necessary to satisfy the court rule. Another panel in *People v Taylor,* 133 Mich App 762; 350 NW2d 318 (1984), *rev'd and remanded on other grounds* 422 Mich 554, 568; 375 NW2d 1 (1985), stated that, so long as it appears from the court's findings of fact that the trial court was aware of the issues in the case and correctly applied the law, the requirements of GCR 1963, 517.1 have been met. As of the date that the instant case was decided, this conflict has not been resolved.

This panel is of the opinion that the holding in *People v Taylor, supra,* is the better view.[1] Judging the instant trial court's findings of fact under the standard utilized in *Taylor,* we find they are sufficient.

Affirmed.

---

[1] Judge Hood acknowledges that he was a member of the panel deciding *People v Davis, supra;* however, he no longer subscribes to the *Davis* view.