## PEOPLE v GODBOLDO

Docket No. 82810. Submitted June 17, 1986, at Lansing. Decided December 17, 1986.

Bruce Godboldo was convicted of first-degree murder, Wayne Circuit Court, Roland L. Olzark, J., and was sentenced to life imprisonment. Defendant appealed, claiming error in the trial court's admission of evidence of statements defendant and Tracy Adams had made to police officers during interrogation sessions following their arrest.

The Court of Appeals *held:*

1. A factual question is raised as to whether a defendant's statements are voluntary where the police do not readvise a defendant of his *Miranda* rights prior to each interrogation session. In this case, defendant was advised of his rights before he waived them and answered the officer's questions during the first interrogation session. Prior to their subsequent joint interrogation session both defendant and Adams had indicated that they remembered the advice of rights previously given. The trial court did not err in ruling that defendant's statements were voluntary and thus admissible.

2. Evidence of Adams' statements at the joint interrogation was properly admitted by the trial court under MRE 801(d)(2)(B), which provides that a statement is not hearsay if offered against a party and the party has manifested his adoption or belief of its truth subject to the rule that the

REFERENCES

Am Jur 2d, Criminal Law §§ 791, 792, 794, 797.

Am Jur 2d, Evidence §§ 493, 397, 523, 525, 526, 529, 531, 542-545, 549, 550, 555-557, 582, 588.

Admissibility of pretrial confession in criminal case—Supreme Court cases. 22 L Ed 2d 872.

Comment note.—necessity of informing suspect of rights under privilege against self-incrimination prior to police interrogation. 10 ALR3d 1054.

Comment note.—Constitutional aspects of procedure for determining voluntariness of pretrial confession. 1 ALR3d 1251.

See also the annotations in the Index to Annotations under Confessions and Admissions; Miranda Warnings.

party's silence in the face of accusation cannot be used as evidence in a criminal prosecution.

Affirmed.

1. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — APPEAL.

A trial court's determination of the voluntariness of a defendant's confession is reviewed on appeal by consideration of the totality of the circumstances; the trial court's finding will not be reversed unless it is clearly erroneous.

2. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — *MIRANDA* WARNINGS.

Failure by the police to readvise a defendant of his constitutional rights prior to the resumption of interrogation does not render the defendant's statements inadmissible as evidence against him; rather, a factual question is raised as to whether the statements were voluntary.

3. CRIMINAL LAW — EVIDENCE — HEARSAY — RULES OF EVIDENCE.

A statement made by an individual when interrogated jointly with the defendant is not hearsay if offered as evidence against the defendant and the defendant has manifested his adoption or belief of its truth subject to the rule that the defendant's silence in the face of accusation cannot be used as evidence against him in view of the Fifth Amendment privilege against self-incrimination (MRE 801[d][2][B]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Attorney General, for the people.

*Nicholas J. Venditelli,* for defendant.

Before: SHEPHERD, P.J., and J. H. GILLIS and MacKENZIE, JJ.

PER CURIAM. Defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, and was sentenced to life imprisonment. He appeals as of right.

On April 24, 1984, defendant and Tracy Adams were arrested for the murder of Steven Holmes. Both individuals were taken to police headquarters

for questioning. At approximately 6:00 P.M., defendant was advised of his *Miranda*[1] rights and was then asked to read the rights form back to the officer. Defendant then initialed the form and, having waived his right to remain silent and to consult with an attorney, proceeded to answer the investigating officer's questions regarding the death of Steven Holmes. A four-page transcript of this conversation was read into evidence at trial.

At approximately 8:00 P.M. the same evening, defendant was rejoined with Tracy Adams and the two were questioned together by another officer. Although they were not reapprised of their rights, they were asked if they remembered being advised of those rights, to which they responded affirmatively. Both individuals agreed to the second interview, which was tape-recorded and admitted into evidence at trial.

Prior to trial, defendant moved to suppress the statements, but the motion was denied. During trial, defendant's counsel moved to suppress or delete that portion of the taped conversation containing statements made by Tracy Adams. This motion was also denied.

On appeal, defendant argues that since the police did not readvise him of his *Miranda* rights prior to the second interview, the statement was taken in violation of his constitutional rights and should have been suppressed. We disagree. As correctly noted by the prosecution, the *Miranda* rights are not a liturgy which must be read each time a defendant is questioned. The *Miranda* rule is not in itself a constitutional right, but rather is only a procedural safeguard designed to protect an individual's Fifth Amendment privilege against self-incrimination. *Birdsey v Grand Blanc Community Schools,* 130 Mich App 718, 722; 344 NW2d

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 76 L Ed 2d 644; 10 ALR3d 974 (1966).

342 (1983). Thus, the only question is whether, viewing the "totality of the circumstances," the defendant's statement was voluntary. *People v Robinson,* 386 Mich 551, 558; 194 NW2d 709 (1972). Further, a trial court's finding of voluntariness will not be disturbed on appeal unless it is clearly erroneous. *People v Carigon,* 128 Mich App 802, 804-805; 341 NW2d 803 (1983).

We have no difficulty affirming the trial court's ruling in this case. Defendant's second conversation with the police began only two hours after his *Miranda* rights had been read to him, and he acknowledged having been advised of his rights. When asked if he had any questions regarding his rights, defendant responded negatively. While it appears that Michigan courts have not previously addressed this situation, a California court had the following observations regarding the same argument:

> The purpose of the cautionary admonition of constitutional rights is to make certain that persons about to undergo custodial interrogation are aware of and understand their right to silence and to counsel. One adequate warning sufficient to comply with the Constitution and the rules declared in controlling cases decided by the United States Supreme Court and the Supreme Court of California is sufficient. We deem it unnecessary, and not required by any provision of the Constitution or rule of any decided case of which we are aware, that more than one adequate warning be given to a person in custody who may later be subject to successive interrogations. [*People v Sievers,* 255 Cal App 2d 34; 62 Cal Rptr 841, 843 (1967). See also *People v Bynum,* 4 Cal 3d 589; 94 Cal Rptr 241, 246; 483 P2d 1193 (1971), overruled on other grounds, 16 Cal 3d 663; 128 Cal Rptr 888; 547 P2d 1000 (1976); *Tolbert v State,* 450 So 2d 805 (Ala Cr App, 1984); *State v Russell,* 261 NW2d 490, 494-495 (Iowa, 1978).

We agree with this reasoning and thus conclude that the failure to reread a defendant's *Miranda* rights prior to each interrogation does not render his subsequent statements inadmissible as evidence against him. Rather, a factual question is raised as to whether the statements were voluntary. As we have previously noted, we find that the defendant's statements here were indeed voluntary, and thus no error occurred in denying the motion to suppress.

Defendant next argues that it was error to allow introduction of the statements made by Tracy Adams during his joint interrogation with defendant by the police. Defendant contends that the statements were hearsay and did not come within the coconspirator exception to that rule, MRE 801(d)(2)(E). We find no merit to the argument since the statement was admissible under MRE 801(d)(2)(B), which provides that a statement is not hearsay if offered against a party and the party "has manifested his adoption or belief of its truth, subject to the rule announced in *People. v Bobo,* 390 Mich 355 [212 NW2d 190] (1973)." In *Bobo,* the Michigan Supreme Court held that a defendant's silence in the face of accusation cannot be used as evidence since the Fifth Amendment guarantees that no person can be compelled to act as a witness against himself. 390 Mich 360-361.

The trial court found *Bobo* to be inapposite, and we agree. Both defendant and Adams waived their right to remain silent and in fact answered all the investigator's questions. Further, our review of the transcript of that conversation convinces us that defendant assented to and adopted the statements made by Tracy Adams during the interview. Therefore, we find no error in the introduction of this evidence at trial.

Affirmed.