PEOPLE v EVANS

PEOPLE v COOK

Docket Nos. 98635, 98819. Submitted May 4, 1988, at Detroit. Decided December 19, 1988.

Kenneth E. Evans and Nathaniel Cook were convicted of assault with intent to commit second-degree criminal sexual conduct following a bench trial in the Recorder's Court for the City of Detroit. Both defendants, along with their victim, were inmates of the Wayne County Jail when the assault occurred. The trial court, Leonard Townsend, J., sentenced each defendant to forty to sixty months imprisonment. Each defendant appealed. The Court of Appeals consolidated the appeals.

The Court of Appeals *held:*

1. The evidence against Cook was sufficient to allow the trial court to find beyond a reasonable doubt that Cook intended to do the act for the purpose of sexual arousal or gratification.

2. The Court of Appeals chose to follow precedent dealing with compliance with MCR 2.517(A) which holds that so long as it appears from the trial court's findings of fact that the court was aware of the issues and correctly applied the law, the findings of fact will be determined to be adequate to support the conviction. Here, the trial court was aware of the issues involved and correctly applied the law to those facts.

3. The trial court erred in imposing concurrent sentences on Evans. Evans' sentence for the sexual assault conviction shall commence at the expiration of the term of sentence for a breaking and entering conviction Evans was serving when the sexual assault occurred. Evans is not entitled to credit against his sentence for the sexual assault for time served in jail since he was serving such time as a condition of probation for the

REFERENCES

Am Jur 2d, Assault and Battery §§ 41, 42.

Am Jur 2d, Criminal Law §§ 167, 552, 554, 548-550.

Am Jur 2d, Trial §§ 1250 *et seq.*

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

Assault and battery: sexual nature of physical contact as aggravating offense. 63 ALR3d 225.

breaking and entering conviction and not because he was denied or unable to furnish bond for the sexual assault conviction. Evans is entitled to credit against the breaking and entering sentence imposed after defendant's probation for the breaking and entering conviction was revoked for the time he was incarcerated pursuant to the order of probation.

Affirmed as to defendant Cook. Affirmed in part and remanded for resentencing as to defendant Evans.

1. ASSAULT AND BATTERY — SECOND-DEGREE CRIMINAL SEXUAL CONDUCT.

An assault with intent to commit second-degree criminal sexual conduct requires an assault, involving the use of force or coercion, with the specific intent to touch the victim's genital area, groin, inner thigh, buttock, breast, or clothing covering those areas, for the purpose of sexual arousal or sexual gratification (MCL 750.520g[2]; MSA 28.788[7][2]).

2. TRIAL — FINDINGS OF FACT.

A court in a bench trial is required to make findings of fact and conclusions of law on contested matters; this rule is satisfied so long as it appears from the court's findings of fact that the court was aware of the issues and correctly applied the law (MCR 2.517[A][1]).

3. CRIMINAL LAW — AIDING AND ABETTING.

A defendant, in order to aid and abet the commission of a crime, must have performed acts or given encouragement which aided and assisted in the commission of the crime; the aider and abettor must have intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement.

4. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

Consecutive sentencing statutes should be construed liberally in order to achieve the deterrent effect intended by the Legislature.

5. CRIMINAL LAW — SENTENCING — CRIMES BY PRISONERS.

The sentence imposed on a defendant following his conviction for a crime committed while the defendant was incarcerated in a penal or reformatory institution, or while the defendant was an escapee therefrom, shall commence at the expiration of the term of the sentence the defendant had been serving or became liable to serve in the penal or reformatory institution.

6. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.

A sentencing court shall specifically grant credit against a sen-

tence for time served in jail prior to sentencing whenever the defendant has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted (MCL 769.11b; MSA 28.1083[2]).

7. CRIMINAL LAW — SENTENCING — PROBATION — CREDIT FOR TIME SERVED.

Double jeopardy principles require that the time served while incarcerated as a condition of probation be credited against a sentence imposed for violation of the terms of probation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Mary Sue Czarnecki,* Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for Kenneth Evans.

*Gerald S. Surowiec,* for Nathaniel Cook.

Before: GILLIS, P.J., and MURPHY and H. R. GAGE,* JJ.

H. R. GAGE, J. Following a bench trial, defendants, Nathaniel Cook and Kenneth Eugene Evans, were convicted of assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2); MSA 28.788(7)(2). Each defendant was sentenced to a term of forty to sixty months imprisonment. Each defendant now appeals as of right. The appeals have been consolidated by the Court of Appeals.

Both Evans and Cook, along with their victim, were inmates of the Wayne County Jail when this incident occurred. The victim and Cook had an argument over a TV GUIDE. Soon after, both defendants entered the victim's cell without permission.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Cook rushed the victim from the front and Evans held the victim in a headlock, choking him. The victim testified that both defendants wore plastic gloves such as were used in the jail kitchen. A struggle of approximately one-half hour ensued. While Cook was forcing the victim's pants down, Evans hit the victim on the head with his fist. The victim felt grease being spread between the cheeks of his buttocks. The victim's veins were "popping out of his head" and he was crying. The incident ended at that point when the victim's cellmate came into the room.

Defendant Cook argues on appeal that there was insufficient evidence to convict him of the crime. In reviewing the sufficiency of the evidence at trial, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of a crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 269-270; 380 NW2d 11 (1985). Those elements, as they relate to assault with intent to commit sexual contact, require an assault, involving the use of force or coercion, with the specific intent to touch the victim's genital area, groin, inner thigh, buttock, breast, or clothing covering those areas, for the purpose of sexual arousal or sexual gratification. See *People v Snell,* 118 Mich App 750, 754-755; 325 NW2d 563 (1982), lv den 417 Mich 1032 (1983).

Specifically, defendant Cook challenges the evidence that he intended to do the act "for the purpose of sexual arousal or gratification." We conclude that the evidence viewed in a light most favorable to the prosecution was sufficient to allow the trial court to find such a purpose beyond a reasonable doubt. Defendant argues that the incident was horseplay designed to make the victim a

laughing stock among the inmates and to humiliate him because of his arrogant attitude. We conclude, however, as did the trial court, that this incident was more than just "horseplay." Testimony showed that, immediately before leaving his room, defendant Cook said "We're going to fuck this nigger" (referring to the victim). Furthermore, the door of the cell where the incident occurred was solid steel with just a small glass window to look through. This door was closed throughout the incident, effectively ensuring as much privacy from the other inmates as possible. That circumstance, along with the facts of the actual assault and the abrupt ending of the incident when the victim's cellmate entered the room, was sufficient to allow a finding that the act was committed for the purpose of sexual arousal or gratification.

Defendant Cook also contends that the trial court's findings of fact were inadequate because the court did not make specific findings as to each element of the crime. MCR 2.517(A)(1) requires a court in a bench trial to make findings of fact and conclusions of law on contested matters. There is a conflict between panels of this Court as to the degree of specificity required to satisfy the court rule. In *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983), this Court required specific findings of fact on each element of the crime. Other panels have held, however, that so long as it appears from the court's findings of fact that the court was aware of the issues and correctly applied the law, the findings of fact will be adequate to support the conviction. *People v Eggleston,* 149 Mich App 665; 386 NW2d 637 (1986), lv den 425 Mich 862 (1986); *People v Robinson,* 145 Mich App 562; 378 NW2d 551 (1985); *People v Melvin Davis,* 146 Mich App 537; 381 NW2d 759 (1985). We believe the latter cases to be better reasoned. A

careful review of the trial court's findings of fact shows that the court was aware of the issues involved and correctly applied the law to those facts.

Defendant Evans similarly challenges the trial court's findings of fact as insufficient to support his conviction. Defendant Evans was convicted on an aiding and abetting theory. In order to aid and abet, defendant must have performed acts or given encouragement which aided and assisted in the commission of the crime. Furthermore, the aider and abettor must have intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement. *People v Acosta,* 153 Mich App 504, 512; 396 NW2d 463 (1986), lv den 428 Mich 865 (1987). Defendant Evans claims that the court did not make special findings that he was aware of Cook's intent, or that Cook himself possessed the intent necessary to commit the crime. The court found:

> They both testified that one of them, I believe, grabbed the man around the neck and the other one pulled his pants down and as far as the complainant is concerned, he knew [that] while they was [sic] doing it they grabbed his buttocks and spreaded [sic] the grease around. The specific intent which is necessary for any type of specific intent has to be gleaned from expressions made by the defendants which was testified to by the one individual who testified as to what they were going to do or it has to be determined by circumstantial evidence. In this case there being no doubt whatsoever that these two people were in the cell and I don't believe that the TV Guide had anything to do with it at all. They were taking advantage of an opportunity and they did and they both testified that they wanted to horseplay. If they wanted to horseplay there are ways to do it, but you don't go

take a person's pants down and spread grease on their buttocks.

We believe the court clearly inferred the principal's intent from the circumstances; furthermore, the statement clearly shows that the court recognized that credibility of witnesses was at issue and chose to believe the victim. By referring to "these two people" and stating "[t]hey were taking advantage of an opportunity" the court clearly showed it was aware of the theory of aiding and abetting and we find it correctly applied the law. In applying the better-reasoned view, we find these findings of fact sufficiently specific to uphold defendants' convictions. *People v Eggleston, supra.*

Finally, defendant Evans contends that the trial court erred by failing to give him credit for time served. When Evans committed the sexual assault he was incarcerated in the Wayne County Jail on a breaking and entering conviction. The trial court had sentenced him to three years probation with the first year to be served in jail on the breaking and entering conviction. On December 9, 1986, the trial court sentenced Evans to forty to sixty months on the sexual assault conviction. Pursuant to MCL 771.4; MSA 28.1134, the trial court revoked Evans' probation and sentenced him to five to ten years imprisonment on the breaking and entering conviction. The sentences were ordered to be served concurrently with no credit for time served while awaiting trial.

MCL 768.7a(1); MSA 28.1030(1)(1) governs sentencing of persons who commit crimes while incarcerated:

A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from that institution, and who commits a

crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

Consecutive sentencing statutes should be construed liberally in order to achieve the deterrent effect intended by the Legislature. *People v Mandell,* 166 Mich App 620, 622; 420 NW2d 834 (1987).

Since both defendants were incarcerated at the time of the sexual assault, the statute requires that the sentences for the sexual assault be served consecutively to the sentences being served or for which the defendants became liable to serve. Therefore, the trial court erred in imposing concurrent sentences on Evans. Because the conviction for the sexual assault made Evans liable to serve a term of sentence on the breaking and entering conviction, the term of sentence for the sexual assault conviction shall commence at the expiration of the term of sentence for the breaking and entering.

MCL 769.11b; MSA 28.1083(2), in general, governs credit for time served:

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

In this case, defendant Evans was ordered to be incarcerated in the county jail for twelve months as one of the terms of the order of probation. Pursuant to MCL 771.3(2)(a); MSA 28.1133(2)(a), the maximum term for incarceration as a term of probation is twelve months. Therefore, MCL 769.11b; MSA 28.1083(2) would not require credit for time served equal to or less than twelve months since such time was served because of the term of probation and not because of being denied or unable to furnish bond on the sentence for the crime of which he was convicted.

It seems clear that MCL 769.11b; MSA 28.1083(2) would not require credit for time served on the term of probation. However, in *People v Sturdivant,* 412 Mich 92, 96; 312 NW2d 622 (1981), our Supreme Court held that double jeopardy principles require that the time served while incarcerated on a sentence of probation be credited against a sentence imposed for violation of the terms of the probation. Therefore, defendant Evans would be entitled to credit against the breaking and entering sentence for time incarcerated pursuant to the order of probation. Defendant Evans would not be entitled to further credit against the sexual assault sentence because that would give defendant a double credit for time served. *People v Cantu,* 117 Mich App 399, 402-403; 323 NW2d 719 (1982).

Because consecutive sentences were mandatory, the trial court was without authority to make the sentences concurrent. Therefore, Evans' sentence was void ab initio. See, e.g., *People v Bracey,* 124 Mich App 401, 406; 335 NW2d 49 (1983). Therefore we remand *People v Evans,* Docket No. 98635, for resentencing. At resentencing the sentencing judge should state any reasons for departure from the sentencing guidelines both on the record and on

the sentencing information report. *People v Fleming,* 428 Mich 408, 428; 410 NW2d 266 (1987).

Affirmed as to defendant Cook. Affirmed in part and remanded for resentencing consistent with this opinion as to defendant Evans.