PEOPLE v ARMSTRONG

Docket No. 103461. Submitted January 10, 1989, at Detroit. Decided
February 22, 1989.

Stanley Armstrong was convicted following a bench trial in the
Recorder's Court for the City of Detroit, Wendy Baxter, J., of
armed robbery. Defendant appealed, alleging several errors.

The Court of Appeals *held:*

1. The trial court's findings of fact were sufficient since it
appears from the record that the trial court was aware of the
issues in the case and correctly applied the law. Therefore, the
requirements of MCR 2.517(A) were met. The case of *People v
Davis,* 126 Mich App 66 (1983), which held that specific findings
of fact on each element of the crime are necessary to satisfy the
court rule is presently without precedential value.

2. It was not hearsay to allow the victim to testify at trial as
to certain statements made by defendant during the robbery.
Counsel was not ineffective for failing to object, on hearsay
grounds, to such testimony.

Affirmed.

1. CRIMINAL LAW — BENCH TRIALS — FINDINGS OF FACT.
The findings of fact by a trial court sitting without a jury in a
criminal case are sufficient if it appears from those findings
that the trial court was aware of the issues in the case and
correctly applied the law (MCR 2.517[A]).

2. CRIMINAL LAW — HEARSAY.
A robbery victim's testimony at trial as to certain statements
made by the defendant during the robbery is not hearsay
testimony (MRE 801[d][2][A]).

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL.
Trial counsel does not provide ineffective assistance in failing to
make a futile objection at trial.

4. APPEAL — DECISION OF COURTS — PRECEDENTIAL VALUE.
A Court of Appeals decision is without precedential value, absent

REFERENCES
Am Jur 2d, Evidence §§ 611-614; Trial §§ 1250 *et seq.*
See the Index to Annotations under Confessions and Admissions.

subsequent adoption of the decision by the Court of Appeals or the Supreme Court, where a majority of the panel repudiates its holding in subsequent cases.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: MAHER, P.J., and CYNAR and GRIFFIN, JJ.

PER CURIAM. At the conclusion of a bench trial in the Detroit Recorder's Court, defendant was found guilty of armed robbery, MCL 750.529; MSA 28.797, and was subsequently sentenced to ten to twenty-five years imprisonment. We affirm.

On November 8, 1986, defendant and an accomplice robbed Robert Muhammad of his wallet by gunpoint. Defendant lured Muhammad to the back of a house under the pretext of examining a car battery. When Muhammad attempted to leave, the accomplice appeared and pointed a sawed-off shotgun at him. The accomplice took Muhammad's wallet and placed it on the porch. During this time, defendant said, "Man, remember our deal, fifty-fifty. I get fifty percent of what you get." Defendant took the wallet off the porch and began backing up toward the street.

When the accomplice prodded Muhammad with the shotgun, he grabbed it and a struggle ensued. While they were struggling, defendant kicked Muhammad in the jaw and then struck him in the head with a piece of 2″ × 4″ lumber. At this point, the accomplice let go of the gun, which then

discharged and folded up, and he fled the scene. Defendant initially followed the accomplice but returned and, after striking Muhammad in the chest with a tree branch, grabbed the shotgun and ran away.

Defendant testified at trial and gave a substantially different version of what had happened. He admitted that he tried to sell Muhammad a car battery but stated that Muhammad was not interested. At this same time, though, an unknown man appeared carrying the sawed-off shotgun and attempted to rob Muhammad. Defendant denied assaulting Muhammad or saying anything about receiving fifty percent of the money. Defendant claimed he simply took his battery and left. After Muhammad managed to grab the shotgun away from the robber, Muhammad approached defendant and asked him why he did not help. Apparently, because Muhammad was pointing the gun at defendant, another struggle began. Acting in self-defense, defendant hit Muhammad in the head with a brick and then left.

In pronouncing defendant guilty of armed robbery, the trial judge stated that she found defendant's testimony not worthy of belief.

As his first issue on appeal, defendant claims the trial court failed to make sufficient findings of fact to support the armed robbery conviction. Specifically, he claims there was no finding that he actually took Muhammad's wallet. We hold that the trial court's factual findings were sufficient.

MCR 2.517(A) provides in pertinent part:

(1) In actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment.

(2) Brief, definite, and pertinent findings and

conclusions on the contested matters are sufficient, without overelaboration of detail or particularization of facts.

The purpose of requiring specific factual findings in a nonjury case is similar to the function served by the trial court's charge in a jury case. It allows the appellate court to review the law applied by the factfinder. *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973). Generally, where the factual findings are insufficient, the appropriate remedy is to remand the cause for additional fact-finding. *Id.,* p 628. But, a remand is unnecessary "where it is manifest that [the judge] was aware of the factual issue, that he resolved it and it would not facilitate appellate review to require further explication of the path he followed in reaching the result." *Id.,* p 627, n 3.

In *People v Daniels,* 163 Mich App 703, 709; 415 NW2d 282 (1987), lv den 430 Mich 854 (1988), a panel of this Court discussed the apparent conflicting standards for reviewing the sufficiency of a trial judge's factual findings:

Currently, there is a split among the panels of this Court concerning the degree of specificity necessary to satisfy the above court rule. In *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983), this Court held that the specific findings of fact on each element of the crime are necessary to satisfy the court rule. Another panel in *People v Taylor,* 133 Mich App 762; 350 NW2d 318 (1984), reversed and remanded on other grounds 422 Mich 554, 568; 375 NW2d 1 (1985), stated that so long as it appears from the court's findings of fact that the trial court was aware of the issues in the case and correctly applied the law, the requirements of the court rule had been met. A more recent opinion has endorsed the latter view. *People v Eggleston,* 149 Mich App 665; 386 NW2d 637 (1986), lv den

425 Mich 862 (1986). We note that two members of the *Davis* panel have since repudiated the *Davis* rule. See *Eggleston* at 672, n 1; *Taylor, supra* at 766, n 1.

The apparent conflict in standards was recognized most recently in *People v Evans,* 173 Mich App 631; 434 NW2d 452 (1988), *People v Oliver,* 170 Mich App 38, 44; 427 NW2d 898 (1988), lv den 431 Mich 898 (1988), and *People v Porter,* 169 Mich App 190, 193; 425 NW2d 514 (1988), lv den 431 Mich 883 (1988).

Because, as noted *supra,* two members of the *Davis* panel no longer subscribe to its holding, we believe the conflict has dissipated. Although we are unaware of any precedent standing for the proposition that a case is overruled when a majority of the panel repudiates its holding in subsequent cases, this is the logical result. The viability of a case should cease when the forces which gave it lifeblood subsequently advocate its demise. Unless and until a future case from this Court or our Supreme Court adopts the *Davis* holding, the trial bench and criminal law practitioners should be on notice that *Davis* is without precedential value.

We agree with the long line of post-*Davis* cases which have adopted the *Taylor* standard, i.e., factual findings are sufficient so long as it appears that the trial court was aware of the issues in the case and correctly applied the law.[1] *Evans, supra; Oliver, supra,* p 46; *Porter, supra,* p 194; *People v Fair,* 165 Mich App 294, 297-298; 418 NW2d 438 (1987); *Eggleston, supra,* p 672; *People v Melvin Davis,* 146 Mich App 537, 550-551; 381 NW2d 759

---

[1] In light of the unanimous rejection of the *Davis* holding by subsequent panels of this Court and the Supreme Court's consistent declination to address the issue, Judge MAHER—as the last holdout of the *Davis* panel—heretofore accepts the standard espoused in *Taylor* as controlling. As to *Davis* then, the coffin is sealed and the last nail has been driven.

(1985); *People v Robinson,* 145 Mich App 562, 565-566; 378 NW2d 551 (1985). Under that standard, the trial judge's findings of fact in the instant case were sufficient. It is clear from the judge's findings that she believed defendant actively participated in and facilitated the commission of the crime. Having made that finding, the judge was not required to also find that it was defendant who actually took Muhammad's wallet. MCL 767.39; MSA 28.979. The judge was obviously aware of the issues in dispute and correctly applied the law in resolving them.

Defendant next argues that his conviction must be reversed because Muhammad was allowed to testify at trial as to certain statements made by defendant during the robbery. Defendant claims those statements were inadmissible hearsay and should have been excluded from evidence. Defendant is mistaken. Because defense counsel did not object to the now-complained-of testimony, appellate review is precluded absent manifest injustice. MRE 103(a)(1); *People v Furman,* 158 Mich App 302, 330; 404 NW2d 246 (1987), lv den 429 Mich 851 (1987). Regardless, though, the statements, being made by defendant and used against him at trial, were not inadmissible hearsay. MRE 801(d)(2)(A); *People v Godboldo,* 158 Mich App 603, 607; 405 NW2d 114 (1986).

In a related argument, defendant claims he was denied the effective assistance of counsel because his trial attorney did not object, on hearsay grounds, to the statement complained of. Since the statement was not hearsay, this argument is without merit. Counsel is not ineffective for failing to make a futile objection. *People v Lyles,* 148 Mich App 583, 596; 385 NW2d 676 (1986).

Affirmed.

CYNAR, J., concurs in the result only.