PEOPLE v STEVE JONES

Docket No. 142402. Submitted June 3, 1993, at Detroit. Decided October 4, 1993, at 9:45 A.M.

Steve Jones was convicted following a bench trial in the Recorder's Court for the City of Detroit, James E. Roberts, J., of aiding and abetting possession with the intent to deliver less than fifty grams of cocaine. He appealed, contending that the evidence was insufficient to support his conviction. The evidence indicated that the defendant accepted money from a third party, to whom a codefendant then handed a package that appeared to contain narcotics. When the defendant and the codefendant were apprehended minutes later, the defendant had a large sum of money, primarily in small denominations, and the codefendant was in possession of eighteen clear plastic bags containing suspected rock cocaine. The defendant stipulated at trial that one of the bags later was determined to contain cocaine.

The Court of Appeals *held:*

1. The evidence was sufficient to support the inference that the defendant knew that his codefendant possessed cocaine. It was reasonable for the court to conclude that the essential elements of the crime had been proven beyond a reasonable doubt. The trial court's findings were sufficient.

2. The court's off-the-record comments, which were not objected to by the defendant at trial, were not shown to have been improper.

Affirmed.

W. J. CAPRATHE, J., dissenting in part, stated that the defendant's conviction should be reversed because the evidence is not sufficient to support the conviction. The conclusions upon which the conviction was based are nothing more than inferences built upon other inferences that are not independently supported by established facts.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Ca-*

*minsky,* Assistant Prosecuting Attorney, for the people.

*Robert M. Morgan,* for the defendant on appeal.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and W. J. CAPRATHE,* JJ.

FITZGERALD, P.J. Following a bench trial, defendant was convicted of aiding and abetting possession with the intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and was sentenced to 1½ to 20 years' imprisonment. Defendant appeals as of right. We affirm.

Defendant contends that the evidence was insufficient to support his conviction of aiding and abetting his codefendant, Melvin Metzler. Evidence was presented that a police officer saw defendant accept money from a third person, to whom Metzler then handed a package that appeared to contain narcotics. When defendant and Metzler were apprehended minutes later, defendant had a large sum of money—primarily in small denominations—and Metzler was in possession of eighteen clear plastic bags containing suspected rock cocaine. Defendant stipulated at trial that one of these bags was later determined to contain cocaine.

Defendant did not have to actually possess the cocaine to be convicted. *People v Wolfe,* 440 Mich 508, 519-521, 524; 489 NW2d 748 (1992); *People v Sammons,* 191 Mich App 351, 370-372; 478 NW2d 901 (1991). The evidence was sufficient to support the inference that defendant knew Metzler possessed cocaine. Our review of the evidence indicates that it was reasonable for the trier of fact to

* Circuit judge, sitting on the Court of Appeals by assignment.

conclude that the essential elements of the crime had been proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985); *People v Vaughn,* 186 Mich App 376, 379; 465 NW2d 365 (1990).

Defendant also challenges the fact that the trial court made off-the-record comments during its findings. These comments do not mean that the trial court's findings were insufficient. MCR 6.403; see *People v Legg,* 197 Mich App 131, 134-135; 494 NW2d 797 (1992); *People v Armstrong,* 175 Mich App 181, 185; 437 NW2d 343 (1989). There was no objection made at the time and no subsequent record was made concerning the comments for our review. We will not speculate regarding what the trial court may have said. There is nothing on the record that would lead us to assume that there was anything improper in the trial court's digressions.

Affirmed.

MICHAEL J. KELLY, J., concurred.

W. J. CAPRATHE, J. *(concurring in part and dissenting in part).* I do not believe that the evidence presented at defendant's trial was sufficient to support his conviction of aiding and abetting his codefendant, Melvin Metzler, in committing the offense of possession with the intent to deliver less than fifty grams of cocaine.

The record of the trial indicates that a police officer observed defendant taking part in what the officer believed to be a drug transaction. The officer testified that he was about one hundred feet away and he observed, through binoculars, defendant talking to an unidentified man. The unidentified man gave defendant what the officer identified as United States currency, by its color, and defen-

dant then motioned or nodded to Metzler. Defendant stepped back and talked to Metzler and then Metzler walked over to the third person, produced a clear plastic bag, took something out of it, and handed it to the third person. The officer admitted that he could not see what was handed to the third person or what was in the bag. Metzler put the bag back in his right front pocket. The third person walked away, and within minutes defendant and Metzler were detained and searched. The police removed from Metzler's right front pocket a bag containing eighteen clear plastic bags, each containing an off-white lumpy material. It was stipulated at trial that the contents of only one of the bags was tested and that it yielded 0.16 grams of cocaine. Metzler also possessed $520, but no drug paraphernalia. Defendant possessed $617, but did not possess any drugs or drug paraphernalia.

There is no evidence that defendant actually possessed cocaine himself. However, as the majority points out, defendant did not have to actually possess the cocaine to be convicted. In support of this principle, the majority cites *People v Wolfe*, 440 Mich 508; 489 NW2d 748 (1992), and *People v Sammons*, 191 Mich App 351; 478 NW2d 901 (1991), both of which I believe are distinguishable.

In *Wolfe, supra* at 520-521, the Court stated:

> In this case, there was no direct evidence that defendant Wolfe actually possessed the cocaine. Rather, the evidence produced at trial showed that he constructively possessed the cocaine, i.e., that he "had the right to exercise control of the cocaine and knew that it was present." The courts have frequently addressed the concept of constructive possession and the link between a defendant and narcotics that must be shown to establish constructive possession. It is well established that a person's presence, by itself, at a location where

drugs are found is insufficient to prove constructive possession. Instead, some additional connection between the defendant and the contraband must be shown.

Any one of various factors may be sufficient under given circumstances to establish this connection. For example, constructive possession of cocaine was shown in [*United States v Rackley,* 742 F2d 1266 (CA 11, 1984)], where, in addition to the defendant's presence at the location where the cocaine was found, traces of cocaine were discovered on shirts stored in his pickup truck. In *Thompson v United States,* 567 A2d 907, 908-909 (DC App, 1989), constructive possession was shown where the defendant was found in a sparsely furnished apartment that contained cocaine packets and large sums of money lying about in plain view. In *United States v Perez-Paredes,* 678 F Supp 259, 263 (SD Fla, 1988), constructive possession of cocaine was established when the defendant drove a codefendant to a location where cocaine was being processed and then remained at that location despite the obvious and nauseating smell of ether, which is an integral component in the processing of cocaine. As these cases suggest, constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband. [Citations omitted.]

In *Wolfe,* the Court found at least three factors linking Wolfe to the cocaine. First, Wolfe was in control of the apartment where the cocaine was found. Second, as the police entered the apartment, Wolfe fled with others to a back bedroom where attempts were made to conceal the cocaine. Third, there was substantial evidence that Wolfe was working with the others in a concerted effort to sell crack cocaine. For example, Wolfe was present at the apartment when a sale of cocaine had occurred earlier in the evening. He possessed

a beeper whose number was known by men who had traveled together from Detroit, at least one of whom unquestionably sold cocaine from the apartment, and Wolfe admitted he knew cocaine was in the apartment.

In the present case, the circumstances do not support the conclusions that defendant knew that Metzler possessed the 0.16 grams of cocaine or that defendant had the right to exercise control of this cocaine.

In *Sammons, supra* at 371, this Court upheld the defendant's conviction of possession with intent to deliver cocaine because it found that there was sufficient evidence to find that the defendant had both knowledge and control of the cocaine:

> The evidence presented at trial showed that defendant provided Officer Buczek with a sample of cocaine, participated in discussions regarding future sales, expressed interest in the denomination of the bills used to purchase the drugs, and told Officer Buczek that "we" do not like to keep the drugs and money in the room at the same time. When viewed in a light most favorable to the prosecution, there was sufficient evidence of both knowledge and indicia of control to enable the jury to find that defendant directly committed the crime of possession with intent to deliver 225 grams or more, but less than 650 grams, of cocaine.

Similarly, in *People v Mumford,* 60 Mich App 279; 230 NW2d 395 (1975), which was cited in *Wolfe, supra,* the defendant was convicted of possession of a controlled substance with the intent to deliver. We held that there was sufficient evidence to find that the defendant had control of the heroin found in the apartment:

> The circumstantial evidence bearing on posses-

sion in this case consists of defendant's exclusive presence in the apartment under circumstances indicating that he was an inhabitant, not a mere visitor. Additionally, defendant was near the coffee table on which, in plain view, were what appeared to be narcotics and narcotics paraphernalia. Finally, the jury could reasonably infer from the fact that defendant brandished a gun, that he was exercising control over the heroin with knowledge of its character. [*Mumford, supra* at 283.]

The circumstances in the present case are not sufficient to support the conclusions reached in *Wolfe, supra,* the federal cases cited in *Wolfe, supra, Sammons, supra,* or *Mumford, supra.*

The case against Metzler is also distinguishable. Metzler not only participated in the transaction involving the unknown item, he also possessed the 0.16 grams of cocaine, possessed the seventeen similar clear plastic bags, and did not possess any use paraphernalia. See *People v Metzler,* 193 Mich App 541; 484 NW2d 695 (1992). It can be inferred that Metzler possessed cocaine with the intent to deliver it.

This is not so with respect to defendant. The fact that he took money from an unidentified third person and then nodded at Metzler, who then handed something from a clear plastic bag to this unidentified third person, does not indicate that defendant knew that Metzler possessed the cocaine. We do not know what Metzler handed the unidentified third person, who was never apprehended. This was acknowledged by the trial court when it said:

Well, your objection's noted. What he's saying is there's no—he can't say what was in it. It might have been sugar, it could have been empty, it could have been anything. All he's saying, as I

understand it, is that he saw a clear plastic bag and he presumed it to be. That's speculation, that's true, but he's got the right to move on.

The only logical way to infer, from this, that defendant knew Metzler possessed the 0.16 grams of cocaine with the intent to deliver it is by impermissibly building one inference on another. In *People v Atley,* 392 Mich 298, 315; 220 NW2d 465 (1974), the Court adopted and applied *People v Petro,* 342 Mich 299, 307-308; 70 NW2d 69 (1955), which stated that it is improper to prove an element by building an inference upon another inference:

> In other words, you would have to infer from finding Eaton in the car with Atley and the marijuana, first, that Eaton or Atley intended to sell marijuana and, second, that in connection with such intention to sell, there was an agreement between Atley and Eaton to accomplish the same. Therefore, to find conspiracy, you would have to pile one inference, agreement to sell, on top of another, intent to sell, based on identical evidence, *i.e.,* that Eaton was in the car with Atley and the marijuana. Inferences may be drawn from established facts; but inferences may not be built upon inference. [*Atley, supra,* at 315.]

In the present case, the established facts are that the defendant and Metzler were involved in a transaction regarding an unknown item and thereafter they were searched. The police found on Metzler eighteen similar clear plastic bags, the contents of one of which was tested and yielded 0.16 grams of cocaine. In order to find defendant guilty of aiding Metzler in committing the offense of possession of cocaine with intent to deliver it, from these facts, the following inferences would have to be piled on each other: (1) that the defen-

dant knew about the 0.16 grams of cocaine and the seventeen similar bags possessed by Metzler, on the basis of defendant's participation in the transaction involving the unknown item; (2) that the untested seventeen bags contained cocaine, and not some other controlled or counterfeit substances, because they were similar to the bag with 0.16 grams of cocaine; (3) that Metzler intended to deliver cocaine, on the basis of the circumstances surrounding the transaction involving the unknown item and his possession of eighteen bags of cocaine; and (4) that defendant is guilty on the basis of the three previous inferences.

In the case of *People v McWilson,* 104 Mich App 550, 555; 305 NW2d 536 (1981), this Court held that there is nothing wrong with multiple inferences as long as each inference is independently supported by the facts:

> Whatever is meant by the phrase "inference upon inference," the law in Michigan is that guilt may not be based upon such a foundation. However, the fact-finder is not prevented from making more than one inference in reaching its decision. That is, if each inference is independently supported by established fact, any number of inferences may be combined to decide the ultimate question.

In the present case, the conclusion that defendant aided Metzler's possession of the cocaine with the intent to deliver it is not independently supported by established facts. It is not an established fact that the item handed to the third person contained cocaine. It is not an established fact that the 0.16 grams of cocaine was possessed by Metzler with the intent to deliver it. It is also not an established fact that the other seventeen bags contained cocaine or that defendant knew about

the eighteen bags possessed by Metzler. These are conclusions based upon inferences that cannot be stacked upon each other to establish defendant's guilt.

Although cocaine is a terrible problem in the streets of this state, I feel compelled to reverse the verdict because of the lack of sufficient evidence.

However, I agree with the majority regarding the alleged off-the-record comments of the judge.